# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA,

## JANUARY TERM, A. D. 1905.

SHADRACK BARDWELL, PLAINTIFF IN ERROR, v. THE STATE. OF FLORIDA, DEFENDANT IN ERROR.

1. A demurrer to a challenge to the array of special trial jurors on the bare ground "that there are a great many negroes in the county fully qualified for jury duty, according to the laws of the State of Florida" was properly sustained.

2. Where the bill of exceptions has been stricken from the transcript of the record the appellate court cannot consider assignments of error which have a basis only in the bill of exceptions so stricken.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court.

*I. L. Purcell*, for Plaintiff in Error.

*W. H. Ellis*, Attorney-General, for the State.

WHITFIELD, C. J.  The plaintiff in error was convicted in the Criminal Court of Record for Escambia county of the crime of assault with intent to commit manslaughter and from a judgment sentencing him to the State Penitentiary for ten years this writ of error was taken.

The bill of exceptions contained in the transcript was stricken on motion of the Attorney General because it was made to appear that it was presented to the judge for settlement and authentication after the expiration of the term when the trial was had, and no order of the court was made or entered on the minutes of the court allowing further time for making up and presenting the bill of exceptions after the expiration of the term of court as required by Rule No. 97 of the Circuit Court Rules.

A special venire of six jurors from the body of the county at large having been summoned the defendant challenged the array of special jurors on two grounds, viz: "First, because the sheriff in the selection of the panel, discriminated against negroes and failed to select any for the trial of defendant, the said discrimination being on account of their color, race and previous condition of servitude, defendant being a negro, charged with an assault on a white boy.  Second, that there are a great many negroes in the county fully qualified for jury duty, according to the laws of the State of Florida."

Issue was joined on the first paragraph of the challenge, testimony was taken and that ground of the challenge was denied.  As there is no bill of exceptions in the transcript the assignment of error based on the decision on the first paragraph of the challenge can not be considered here.  The second paragraph of the challenge was demurred to and one of the assignments of error is that "the court erred in sustaining demurrer to the sec-

ond ground of defendant's challenge to the panel of the special venire of petit jurors." Admitting only for the purposes of this case that such a challenge is a part of the record proper the demurrer should have been sustained. The paragraph of the challenge demurred to was merely an allegation that a great many negroes in the county were qualified to be jurors, with no allegation that none of them had been summoned on the special venire, or that any negro had been discriminated against on account of race or color, in selecting and summoning the jury.

In the absence of a bill of exceptions none of the other assignments of error can be considered.

The judgment is affirmed.

CARTER and SHACKLEFORD JJ. concur.

TAYLOR, HOCKER and COCKRELL JJ. concur in the opinion.