EDWARD LAMB, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. When the transcript on appeal shows that the bill of exceptions was not presented to the trial judge for authentication within the time allowed therefor after the expiration of the term of the court, such bill of exceptions is a nullity and will be stricken on motion.

2. Where the bill of exceptions has been stricken from the transcript no errors assigned can be considered by the appellate court except those which have a basis in the record proper.

3. Assignments of error which are abandoned or not argued in the brief for the plaintiff in error will not be considered by the appellate court.

This case was decided by Division A.

Writ of Error to the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the Court.

*Craig Phillips,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD. J.   The plaintiff in error was convicted of murder in the first degree in the Circuit Court for Manatee county and took writ of error to the judgment of the court sentencing him to capital punishment.

The Attorney-General for the State moves to strike the bill of exceptions from the transcript on the grounds that "it was not settled nor presented for settlement within the time allowed by the court in its special order for settlement thereof after adjournment."

In the transcript following the sentence of Edward Lamb to capital punishment is this record entry: "the defendant by counsel gave notice of an appeal of said cause to the Supreme Court of the State of Florida, and is allowed sixty days in which to file his bill of exceptions, and all other pleas and complaints in said court not disposed of are hereby continued and the court stands adjourned. Done and ordered in open court this the 29th day of January, A. D. 1904, at Braidentown, Florida, W. S. Bullock, Judge."

The bill of exceptions contains the following:  "Said defendant by his counsel aforesaid did on the 29th day of April, 1904, after the expiration of the term of said court aforesaid by virtue of a special order herein made proposes this his bill of exceptions to the said opinions and decisions of the said judge and requests him to sign the same according to the form of the statute in such case

made and provided, which is done this the 16 day of May, A. D. 1904. W. S. Bullock, Judge."

The time allowed the defendant by the order above quoted in which to file his bill of exceptions was sixty days from the adjournment of the term. Lewis v. Meginniss, 25 Fla. 589, 6 South. Rep. 169. The record shows the court adojourned January 29th, 1904, and the bill of exceptions recites that it was presented to the judge on April 29th, 1904, which was more than sixty days from the adjournment of the court. As the bill of exceptions was not presented to the judge within the time allowed by the order of the court it is a nullity and the motion to strike it is granted. Washington v. State, 48 Fla. 62, 31 South. Rep. 573.

The bill of exceptions having been stricken none of the assignments of error can be considered except those which have a basis in the record proper. Of these there are only two: the second, which is that the court erred in denying a motion to quash the indictment; and the ninth, which is that the court erred in denying a motion in arrest of judgment.

The second assignment of error is expressly abandoned in the brief for the plaintiff in error. The ninth assignment of error is not argued except by reference to other assignments of error which have no basis in the record proper. The grounds of the motion in arrest of judgment have no predicate in the record proper and therefore can not be considered here.

No fatal error appears on the face of the record and the judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.