Carter *et al.* v. Stockton—Syllabus.

----

ROBERT E. CARTER, *et al., Plaintiffs in Error,* v. JOHN N. C. STOCKTON, *Defendant in Error.*

1. Where an order is duly made under Rule 97 of the Circuit Court Rules allowing time after the expiration of a term for perfecting a bill of exceptions, and from the face of the bill of exceptions contained in the transcript it appears that it was not presented to the trial judge for authentication till after the expiration of the time allowed by the order, the bill of exceptions will be stricken from the transcript.

2.   Where the bill of exceptions contained in a transcript of the record is stricken and there remains in the record no other question or matter assigned, presented or urged as error except such as can be presented or considered only through a proper bill of exceptions duly authenticated, the judgment will be affirmed.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*John S. Maxwell,* for Plaintiffs in Error;

*Young & Adams,* for Defendant in Error.

PER CURIAM.—A motion is made to strike the bill of exceptions in this cause upon the ground that it was not presented to the trial judge for authentication within the time allowed by the special order granting thirty days additional time for the presentation of the bill of exceptions.   The extension of time was for thirty days after the final adjournment of the court for the term.   See Lamb v. State, 50 Fla., 106, 38 South. Rep., 906.

The court adjourned for the term March 30th, 1910.   On April 30th, 1910, the bill of exceptions was left at the office of the circuit judge, but it was not delivered to or seen by him till May 2nd, 1910, when he signed it.   Even if leaving the bill of exceptions at the office of the judge could be regarded as a proper presentation to the judge, the thirty days additional time allowed for the presentation expired with April 29th, 1910, and a presentation to the judge after that time was too late.   The proposed bill of exceptions was not presented to the trial judge for

authentication within the time allowed by the court by virtue of Rule 97 of the Circuit Court Rules. and the presentation and authentication after the expiration of the time granted is ineffectual.

The motion to strike the bill of exceptions is granted. Bush v. State, 21 Fla., 569; Bowden v. Wilson, 21 Fla., 165.

The assignment of errors is confined to matters that exist only in the bill of exceptions and as the bill of exceptions is stricken, the judgment must be affirmed. Anderson v. Winer & Whaley, 50 Fla., 177, 39 South. Rep. 31; Lassiter & Co. v. Zapf, 57 Fla., 89, 48 South. Rep., 749.

It is so ordered.

All concur.