JIM EPHRAIM AND MARTELLO METZ, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 5, 1921.

1.  The offense denounced by Section 3534 Gen. Stats., 1906, Sec. 5424, ·Rev. Gen. Stats., 1920, and making punishable the. abomniable and detestable crime against nature either with mankind or with beasts is not merely the common law· crime against nature, but includes other acts of bestiality.

2. Motions in arrest of judgment cannot be based upon matters which do not appear upon the face of the record proper.

·A Writ of Error to the Circuit Court for Alachua County; B. A. Thrasher, Judge.

Judgment affirmed.

*Robert E. Davis,* for Plaintiffs in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

ELLIS, J.—The plaintiffs in error were indicted for the "abominable and detestable crime against nature," with one Son Gary. The offense was alleged to have been committed in Alachua County on December 5, 1920. The defendants pleaded not guilty. The jury returned a verdict of guilty. Thereupon a motion in arrest of judgment was made upon grounds which do not appear upon the face of the record, but rest upon the evidence adduced at the trial. The motion was correctly overruled. See Henderson v. State, 55 Fla. 36, 46 South. Rep. 151; Harris v. State, 53 Fla. 37, 43 South. Rep. 311; Freeman v. State, 50 Fla. 38, 39 South. Rep. 785; Thomas v. State, 73 Fla. 115, 74 South. Rep. 1; Caldwell v. Peoples Bank of Sanford, 73 Fla. 1165, 75 South. Rep. 848.

Judgment of conviction was entered and sentence to five years imprisonment in the State Prison was imposed. There was a motion for a new trial, which was also overruled. This motion contained four grounds, each questioning the sufficiency of the evidence. There are fourteen assignments of error. The last two attack the order overruling the motion in arrest of judgment and the motion for

a new trial. They are not argued in counsel's brief, and therefore abandoned. The remaining twelve assignments rest upon the admission of evidence for the State over the objection of the defendants.

The question presented is whether the crime defined by Section 3524 Gen. Stats. 1906, Section 5424 Rev. Gen. Stats. 1920, comprehends the act of copulation between two human beings *per os*. The statute above referred to is the only one upon the subject. It provides for punishment for the commission of the "abominable and detestable crime against nature." If the statute includes the act committed by the two defendants upon the person named Son Gary, there is no merit in the assignments of error, and the judgment should be affirmed.

The evidence is undisputed. The act for which the defendants were indicted under the statute referred to was proven. A discussion of the loathsome, revolting crime would be of no edification to the people, nor interest to the members of the bar. The creatures who are guilty are entitled to a consideration of their case because they are called human beings and are entitled to the protection of the laws.

Other courts in the discharge of the duties devolving upon them have been compelled to consider the same question as is presented in this case, and held that acts like those proven in this case constituted the "detestable crime against nature." The punishment at common law for such offence as is denounced by our statute which includes sodomy committed *per anum* was death, sometimes burning alive. See 36 Cyc. 506. But such punishment has been modified by people of later times, not that the crime is less repulsive now, but perhaps out of human con-

sideration for the creatures whose low moral and intellectual standard entitles them to a kind of pity. The brief of the Attorney General cites numerous authorities for our interpretation of the statute. See *ex parte* DeFord, —— Okla. ——, 168 Pac. Rep. 58; Glover v. State, 179 Ind. 459, 101 N. E. Rep. 629; Jones v. State, 17 Ga. App. 825, 88 S. E. Rep. 712; Honselman, v. People, 168 Ill. 172, 48 N. E. Rep. 304; Kelly v. People, 192 Ill. 119, 61 N. E. Rep. 425; Means v. State, 125 Wis. 650, 104 N. W. Rep. 815; State v. Start, 65 Ore. 178, 132 Pac. Rep. 512; State v. Maida, 6 Boyce (Del.) 40, 96 Atl. Rep. 207; State v. Fenner, 166 N. C. 247, 80 S. E. Rep. 970; State v. Whitmarsh, 26 S. Dak. 426, 128 N. W. Rep. 580.

Chapter 7361 Acts of 1917, Sec. 5427 Rev. Gen. Stats. 1920, providing for the punishment of any unnatural and lascivious act with another person does not apply to cases like the one under consideration.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.