JOHN JACKSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed December 12, 1922.

1. The offense denounced by Section 5425, Revised .General Statutes, 1920, and making punishable the abominable and detestable crime against nature either with mankind or with beasts is not merely the common law crime against nature, but includes other acts of bestiality.

2. Except upon special order allowing further time, bills of exception must be made up and signed during the term of court at which the trial was had.

3. Where the presiding judge has, during the term, under Rule 97, Rules of Circuit Courts in Law Actions, granted further time for presentation of the bill of exceptions, he is not authorized in vacation to make another order further extending the time.

4. Where a bill of exceptions is presented to the trial court after the expiration of the further time allowed for its presentation under Rule 97, Rules of Circuit Courts in Law Actions, it cannot be considered as a part of the record, although copied into the transcript of the record filed in the appellate court.

A Writ of Error to the Circuit Court for Highlands County; George W. Whitehurst, Judge.

Affirmed.

*L. Grady Burton,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—By indictment of a grand jury of Highlands County plaintiff in error was charged with the "abominable and detestable crime against nature," the offense denounced by section 5424, Revised General Statutes, 1920. He was tried upon this indictment and found guilty as charged. To review the judgment imposing sentence writ of error was taken from this court.

Two assignments of error are presented. The first presents the question of the propriety of the order overruling a demurrer to the indictment. The demurrer was properly overruled upon authority of Ephriam v. State, 82 Fla. 93, 89 South. Rep. 344. In the opinion the court said: "The question presented is whether the crime defined by Section 5424, Rev. Gen. Stats. 1920, comprehends the act of copulation between two human beings *per os.* The statute above referred to is the only one upon the subject. It provides for punishment for the commission of the 'abominable and detestable crime against nature.' If the statute includes the act committed by the two defendants upon the person named Son Gary, there is no merit in the assignments of error, and the judgment should be affirmed.

"Other courts in the discharge of the duties devolving upon them have been compelled to consider the same

question as is presented in this case, and held that acts like those proven in this case constituted the ''detestable crime against nature.' ''

The holding that the acts alleged in the indictment in that case constituted the offense is decisive of this question.

·The second assignment challenges the ruling denying the motion for a new trial. The point argued upon this assignment is the alleged insufficiency of the evidence to support the verdict. The verdict was returned on February 8, 1922, and sentence was imposed on the following .day. The paper copied into the transcript of the record purporting to be a bill of exceptions recites that the defendant, at the same term of the court, submitted his motion for a new trial; that this motion was overruled and denied on June 10, 1922, and sixty days allowed· to present bill of exceptions; that· on August 10, 1922, a motion was made by counsel for defendant to extend the time for presentation of a bill of exceptions; that this mo- .tion was granted and the time for presentation of the bill of exceptions extended to August 21, 1922, and that the bill of exceptions was presented on August 19, 1922, and signed by the trial judge.

· Except upon special order allowing further time, bills of exceptions must be made up and signed during the term of court at which the trial was had. Rule 97, Rules of Circuit Courts in Law Actions. And where the presiding judge has, during the term, under this rule granted further time for presentation of a bill of exceptions, he is not authorized in vacation to make another order further extending the time. Myrick v. Meritt, 21 Fla. 799; Exporters of Mnfrs. Products v. Butterworth-Jedsea Co., 258 U. S. 365, 42 Sup. Ct. Rep. 331, 66 L. Ed. 1. The

order, therefore, of August 10, purporting to allow ad-ditional time in which to present the bill of exceptions, was without authority, and the bill of exceptions having been presented to the trial court after the expiration of the further time allowed by the original special order can not be considered as part of the record. Bush v. State, 21 Fla. 569; Washington v. State, 48 Fla. 62, 37 South. Rep. 573; Bardwell v. State, 49 Fla. 1, 38 South. Rep. 511; Carter v. Stockton, 60 Fla. 33, 53 South. Rep. 450.

There being no bill of exceptions in the record, the question of the sufficiency of the evidence to support the verdict is not presented.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.