DeSoto Holding Company, a Corporation, *Plaintiff in Error*, v. James Boyer, *Defendant in Error.*

## Opinion Filed June 11, 1923.

1. As the statute specifically provides that an order extending the time for making and *presentation* of a motion for a new trial may "be made within four days after the rendition of the verdict and during the same term," such extension "not to exceed fifteen days from the rendition of the verdict," in order for the trial court to retain jurisdiction of the matter, there must be a *presentation* to the judge of such motion within the time stated.

2. When a motion for new trial is duly made in term time or is duly made and presented after adjournment of the term, pursuant to an order made under Section 2811 Revised General Statutes, 1920, the court is for the purpose of such motion regarded as in session and an order extending the time for presenting a bill of exceptions in the case may be made under Rule 97 upon disposing of the motion for new trial.

3. Where a motion for new trial was not duly presented to the judge within the time fixed by the order made under Section 2811 Revised General Statutes, the judge was not authorized to adjudicate the motion for a new trial, or to make an order under Rule 97 extending the time for presenting a bill of exceptions in the case.

4. Where the assignments of error are predicated solely upon the bill of exceptions which is stricken, and there remains no matter presented for review, the judgment will be affirmed.

A Writ of Error to the Circuit Court for Highlands County; George W. Whitehurst, Judge.

Affirmed.

*Treadwell & Treadwell,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

WHITFIELD, J.—A motion is made to strike the motion for new trial and also the bill of exceptions contained in the transcript because the motion for new trial was not presented to the Court within fifteen days from the rendition of the verdict as authorized by an order of the Court under Section 2811 Revised General Statutes, 1920, and because the bill of exceptions was not presented to the Court for settlement within the time required by law.

Section 2811 Revised General Statutes, 1920, is as follows:

"Motions for new trials in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard.

"It shall not be necessary to incorporate in any motion for a new trial any matter in pais previously excepted to, for the purpose of having the same reviewed by the Ap-

pellate Court. The provisions of this Section shall not apply to criminal causes.''

It appears thát the verdict for the Defendant in an action of ejectment was rendered September 7, 1922. On September 11, 1922, the Court granted an extension of fifteen days from September 7, for filing a motion for new trial. On September 21, 1922, the Plaintiff filed a motion for new trial in the Clerk's office. It does not appear that the motion for new trial was presented to the Judge within fifteen days from the rendition of the verdict or that ''a copy of the motion to be presented to the Judge'' was ''served on the opposite party or his attorney within three days notice of the time and place that the same will be presented and heard'' as is specifically required by the quoted Statute.

In denying a motion to strike the motion for new trial that had been filed with the Clerk of the Circuit Court, the Circuit Judge on November 1, 1922, made the following order: ''This motion having been presented and duly argued by counsel for the respective parties and it appearing to the Court that the motion for new trial in this case sought to be stricken was filed with the Clerk of this Court within the time allowed by an order extending the time, wherefore this motion is overruled and denied. Defendant excepts. George W. Whitehurst, Judge.''

On the same day the trial Court overruled the motion for new trial and allowed ninety days for presenting a bill of exceptions.

As the Statute specifically provides that an order extending the time for making *and presentation* of a motion for a new trial may ''be made within four days after the rendition of the verdict and during the same term,'' such

extension ''not to exceed fifteen days from the rendition
of the verdict,'' in order for the trial Court to retain
jurisdiction of the matter, there must be a *presentation*
to the judge of such motion within the time stated. The
Statute also expressly provides that ''in all cases of ex-
tension of the time for making such motions, a copy of the
motion to be presented to the Judge shall be served on the
opposite party, or his attorney, with three days' notice of
the time and place that the same will be presented and
heard.'' A failure to comply with this mandatory require-
ment of the statute as to notice would justify the trial
court in refusing to consider the motion for new trial.

Rule 97 provides: ''The bill of exceptions shall be made
up and signed during the term of Court at which the ver-
dict is rendered or trial had, unless by special order fur-
ther time is allowed. In case such special order is made, it
shall be entered in the minutes, and in making up the bill
of exceptions the fact that such an order was made shall
be mentioned therein, or shall otherwise appear in the
record.''

Where a motion for new trial is *duly* presented to the
judge with the required notice pursuant to an order prop-
erly made under Section 2811 Revised General Statutes,
1920, the judge may, when the motion is disposed of, make
an order stating the time within which a bill of exceptions
in the case shall be presented to the judge for authentica-
tion, which order shall be in writing and duly entered in
the minutes of the court with the order adjudicating the
motion. See Section 2532 Revised General Statutes, 1920.
When a motion for new trial is duly made in term time or
is duly made and presented after adjournment of the
term, pursuant to an order made under Section 2811 Re-
vised General Statutes, 1920, the Court is for the purposes
of such motion regarded as in session and an order extend-

ing the time for presenting a bill of exceptions in the case may be made under Rule 97 upon disposing of the motion for new trial. See McGee v. Ancrum, 33 Fla. 499, 15 South. Rep. 231; Charlotte Harbor & N. R. Co. v. Buchan, 71 Fla. 575, 71 South. Rep. 842.

In this case the motion for new trial was not duly presented to the judge within the time fixed by the order made under Section 2811 Revised General Statutes, consequently the judge was not authorized to adjudicate the motion for a new trial, or to make an order under Rule 97 extending the time for presenting a bill of exceptions in the case. As a consequence the motion made here to strike from the transcript of the record brought here on writ of error, both the motion for a new trial and the bill of exceptions must be and is hereby granted.

As the assignment of errors is predicated solely upon the bill of exceptions which is stricken, there remains no matter presented for review, therefore the judgment be and is hereby affirmed. Bardwell v. State, 49 Fla. 1, 38 South. Rep. 511; Horn v. State, 40 Fla. 472, 24 South. Rep. 147; Anderson v. Winner & Whaley, 50 Fla. 177, 39 South. Rep. 31; Lasseter & Co. v. Zapf, 57 Fla. 89, 48 South. Rep. 749; Carter v. Stockton, 60 Fla. 33, 53 South. Rep. 450.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST, AND TERRELL, JJ., concur.