R. L. HOLMES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed April 1, 1925.

1. Motions for new trials in criminal cases should be made within four days after the verdict. Section 2811, Revised General Statutes, applies to civil cases only.

2. Chapter 9364, Laws of Florida, 1923, which, among other things, provides that the trial court shall charge the jury before argument of counsel merely secures to the defendant in a criminal case a right which he may waive if he so desires, and does waive by failure to request the judge to charge the jury before argument and duly taking an exception to the court's refusal to do so.

3. Where instructions are requested and refused and no exceptions taken and the requested instructions are not presented in a bill of exceptions the court will not consider assignments of error resting upon such refusal to give the requested instructions.

4. Where no exceptions are taken to the admission of evidence over counsel's objection assignments of error resting upon such rulings will not be considered.

5. Evidence examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Judgment affirmed.

*L. R. Baker*, for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

ELLIS, J.—The plaintiff in error was indicted for manslaughter and convicted in Palm Beach County, October, 1923.

The indictment alleged that the defendant in June, 1922, drove an automobile with culpable negligence and with disregard for the life and safety of Maude Ansley Lawrence at a high rate of speed in a negligent, careless and reckless manner against her which inflicted bruises and wounds upon her head and body from which she died the following day.

Writ of error was taken from this court to the judgment of conviction. The motion for new trial was not made "within four days after the verdict," as required by Section 2810, Revised General Statutes. The court was not authorized to extend the time for making a motion for new trial, this being a criminal case. Section 2811, Revised General Statutes.

The defendant complains that certain rulings of the court as to the admission and rejection of evidence and the giving and refusal of certain instructions by the court constituted harmful error to the prejudice of the defendant in the trial.

The bill of exceptions in this case is not made up in accordance with the rule prescribed by this court in that it appears to be merely a transcript of the notes of the stenographer or court reporter made during the trial; it does not contain a duly made motion for a new trial nor the instructions requested by the defendant and refused by the court, upon which exceptions were alleged to have been taken, and, notwithstanding the court's certificate, the necessity for stating the testimony of all the witnesses in the form of questions and answers is not at all apparent. Nor is

the assignment of errors used as a guide for making up the bill of exceptions made a part of it.

The transcript of the record was made up under the new rules, as indicated by the directions given to the clerk and his certificate.

There are thirty-eight assignments of error of which twenty-four are referred to in the brief of counsel which contains only one citation of authority, that is in support of the twenty-seventh assignment of error, which rests upon the failure of the court to instruct the jury before argument of counsel.

The case of Smithie v. State, 88 Fla. 70, 101 South. Rep. 276, cited by counsel, holds that the statute, Chapter 9364, Acts of 1923, which requires the judge in criminal trials to charge the jury immediately upon the conclusion of the evidence, does not prescribe a hard and fast rule a divergence from which constitutes of itself reversible error but merely secures to the defendant a right which he may waive if he desires. In that case, as there was nothing in the bill of exceptions to show that any exception was taken by the defendant to the procedure adopted by the court in charging the jury after the argument of counsel, it was held that there was nothing on which to base the assignment of error. Counsel's assertion that the requirement of the statute is mandatory is not supported by the case cited.

In the case of Keen v. State, decided at this term, the record disclosed that at the conclusion of the evidence the court announced that he would charge the jury after argument of counsel and that the ruling was objected to on behalf of defendant and exception reserved to that procedure. The court held the act to be valid, and the court's procedure was erroneous when pursued over the defendant's objection.

The assignments which rest upon the court's refusal to give certain instructions requested by the defendant will

not be considered, as such requested instructions do not appear in the bill of exceptions and no exceptions were taken at the time of such refusal. See Ammons v. State, decided at this term.

Many of the assignments of error rest upon objections to evidence offered by the State and the court's ruling upon such objections, but no exceptions were taken. Such assignments will not be considered. See Hollingsworth v. Norris, 77 Fla. 498, 81 South. Rep. 782; Maloy v. State, 52 Fla. 101, 41 South. Rep. 791.

We have read the evidence as disclosed by the bill of exceptions and the charges given by the court and find no error. There was no impropriety in defining the crimes of murder and justifiable and excusable homicide in connection with the definition of manslaughter.

The evidence was ample to support the verdict. The deceased was riding a bicycle on a public road; the defendant, driving an automobile, came up behind the woman and struck her. The act appears from the evidence contained in the bill to have been culpably negligent, almost to the degree of a wanton disregard of life. See Shaw v. State, 88 Fla. 320, 102 South. Rep. 550.

The judgment is affirmed.

WEST, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.

BROWNE, J., concurs in the conclusion.