JOHN ENGLISH v. STATE.

164 So. 848.
Opinion Filed December 27, 1935.

*Kehoe & Kehoe,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error in this case brings for review a judgment of conviction under the provisions of Section 5424 R. G. S., 5767 C. G. L.

The first question presented by the plaintiff in error is whether or not the information was sufficient to withstand a motion in arrest of judgment where there was no motion made to quash the information.

The information was in the following language:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

"FRED PINE, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that John English of the County of Dade and State of Florida, on the 22nd day of March, in the year of our Lord, one thousand nine hundred and thirty-five, in the county and State aforesaid, did then and there commit the abominable and detestable crime against nature *per os* with one James Buice, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The charge contained in the information is in the language of the statute and while on a motion to quash or on motion for a better bill of particulars, it would have been proper for the Court to require a more definite statement of the offense charged, there was no error in denying motion to arrest judgment after verdict.

In Ephriam, *et al.,* v. State of Florida, 82 Fla. 93, 89 Sou. 344, it was held:

"The offense denounced by Section 3534, Gen. Stats., 1906, Sec. 5424, Rev. Gen. Stats., 1920, and making punishable the abominable and detestable crime against nature either with mankind or with beasts is not merely the common law crime against nature, but included other acts of bestiality."

In Thalheim v. State of Florida, 38 Fla. 169, 20 Sou. 938, we held:

"Where all the essential elements of an offense are alleged in an indictment, the judgment should not be arrested after trial and verdict for reason of any technical vagueness or uncertainty in such indictment."

The words used in the indictment, *"per os,"* while not being in the English language, have a generally recognized meaning, just as the words, *"per centum,"* have a generally recognized meaning amongst English speaking people, although they, like the words used in the indictment, are taken from the Latin. *"Per"* when so used means "by" or "by means of" and the word *"os"* is the Latin meaning "the mouth."

There is nothing in the record to indicate that the defendant was not fully aware of the nature of the offense with which he was charged.

Other objections interposed are that the court erred in not granting a new trial because of the testimony of Paul Martens as to the bad character of the defendant when the character of the defendant had not been put in issue by him, when there was no objection to the testimony when offered and no motion to strike the testimony; and that the court committed reversible error in not excluding the testimony of Paul Martens which constituted hearsay evidence, although there was no objection to the testimony when given, and no motion to strike that testimony.

It is well settled that where no exceptions are taken during the course of the trial to the admission of evidence, the question cannot be considered by the appellate court. Holmes v. State, 89 Fla. 336, 103 Sou. 642; Gaines v. State, 97 Fla. 908, 122 Sou. 525.

The evidence was amply sufficient to sustain the verdict.

The judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIFLD, C. J., and TERRELL and BROWN, J. J., concur.

DAVIS, J., concurs specially.

DAVIS, J. (concurring in conclusion).—Since the only attack on the information was by motion for arrest of judgment after trial, I think the conclusion reached in this case is correct. However, as against a motion to quash or demurrer, I regard the information fatally defective as a criminal pleading in a case like this. The rule is well settled that an indictment or information must not only be in the English language, but must be *entirely* so, insofar as its material averments necessary to make out an offense are concerned. See: 14 R. C. L., page 176, and cases cited. The Latin phrase, *"per os,"* is of no more common understanding in the English language as comprehended by the class of society which is likely to commit a crime against nature than is the Latin phrase, *"casus filius nullius,"* a conveyor of meaning in a slightly higher class of the immoral wherein Latin expressions, as a means of speech, are equally as little generally understood. Persons charged with crime should be informed in comprehensible English with what they are accused in an indictment or information.

BROWN, J., concurs.