**JOHN LASON, v. STATE OF FLORIDA; JOHN LASON v. STATE OF FLORIDA.** (Two cases).

12 So. (2nd) 305                  January Term, 1943
March 2, 1943                     . Division A
Petition for Rehearing Denied March 25, 1943

*W. W. Flournoy,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

BUFORD, C. J.:

The accused, having been convicted under two separate informations, in one of which it was charged, "that on the 20th day of March, 1942, at and in the County of Walton, State of Florida, John Lason, unlawfully did then and there commit the abominable and detestable crime against nature per os with one Ruby Cawthon, a female person, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida;" and in the other the like offense was charged in the identical language except for the difference in the name of the person with whom the accused is alleged to have committed the offense.

Counsel has requested that we consider both cases together, which we do.

There is no question about the facts in either case. Aside from the evidence produced by the State, the accused testified as a witness in his own behalf, that he was seventy-six years of age; that he had not experienced an erection in many years, but that on several occasions he had indulged in venereal affairs with each of the girls named in the information when both girls were present; that in accomplishing these affairs he had licked and extended his tongue into the genital orifice of each of the girls and had allowed and permitted each of the girls to take his sexual organ into her mouth, the result of which he testified was "pleasurable."

The controlling factor to be determined is presented by appellant's first question posed in the following language:

1. "Does the *one* specific crime definitely defined and limited by Section 7567 C.G.L.—1927; 3534 C. S. (1906)

5424 R.G.S.—1920; c. 1637, Sub. c. 8, Acts 1868, Sec. 17, comprehend or include the action of a 76 year old, aged Indian War Veteran, feeble physically and mentally, in, after having met the two girls of 11 and 13 years of age who solicited him, went to his residence and there they both get on the bed, pull up their dresses and drop down their panties, when he in turn on his back in the same bed allowed them to diddle with his rag-like penis, unerectable, lifeless and useless except to connect the bladder with the outside world for more than six years since the death of his wife, utterly incapable of either penetration or emission, and wad it like a rag into their mouths, and then, in his feeble and aged condition impelled by the irresistable impulse, in turn he would kiss and put his tongue in their little, though potentially influential and powerful, vaginas?"

It appears to us that we have determined this question contrary to appellant's contention.

In Ephraim v. State, 82 Fla. 93, 89 So. 344, we said:

"The question presented is whether the crime defined by Section 3524 Gen. Stats. 1906, Section 5424 Rev. Gen. Stats. 1920 comprehends the act of copulation between two human beings per os. The statute above referred to is the only one upon the subject. It provides for punishment for the commission of the abominable and detestable crime against nature.' If the statute includes the act committed by the two defendants upon the person named Son Gary, there is no merit in the assignments of error, and the judgment should be affirmed.

"The evidence is undisputed. The act for which the defendants were indicted under the statute referred to was proven. A discussion of the loathsome, revolting (continued on next page) crime would be of no edification to the people, nor interest to the members of the bar. The creatures who are guilty are entitled to a consideration of their case because they are called human beings and are entitled to the protection of the laws.

"Other courts in the discharge of the duties devolving upon them have been compelled to consider the same question as is presented in this case, and held that acts like those

proven in this case constituted the 'detestable crime against nature.'

We held the act as charged to be within the inhibition of the statute and cited numerous cases supporting that view.

. In Jackson v. State, 84 Fla. 646, 94 So. 505, we re-affirmed the holding in the Ephraim case.

Appellant's attorney has presented an exhaustive brief contending that the crime denounced by the statute may be committed only *per anus*, making a strong argument and citing many cases in support of his contention. We are not persuaded, however, that we should follow either the argument or authorities so cited because we hold to the view that authorities cited by Mr. Justice Ellis in the Ephraim case, supra, and also the authorities cited in Woods v. State, 10 Ala. Ap. 96, 64 So. 508; in State v. Guerin, 51 Mont. 250, 152 Pac. 747, and in Glover v. Indiana, 179 Ind. 459, 101 N.E. 629, 45 L.R.A. (N.S.) 473, enunciate the correct construction of the statute under consideration. Much might be written concerning the history and prevalence of the crime in various times and in different countries, and of the methods of its commission, as well as the baneful effects which it has had upon the mental, moral and physical conditions of those peoples amongst whom it is and has been prevalent. It is sufficient to say here, however, that all unnatural forms and methods of coitus have proven themselves detrimental to both health and morals.

Other questions and contentions have been presented and carefully considered. We find no reversible error reflected in either record.

Both judgments are affirmed.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.