PER CURIAM.
The appellant, by this appeal, is' seeking reversal of a judgment and sentence- to two> *714 years in the State penitentiary for larceny of an automobile.
To obtain a reversal of his non-jury conviction, the appellant relies upon the following points: 1) The trial court erred in admitting into evidence testimony of other unrelated offenses allegedly committed by the appellant and, 2) The trial court erred in admitting the admissions of a co-defendant into evidence.
A review of the record discloses that the appellant failed to make a timely objection to the admission of the evidence referred to in his first point on appeal. It is well settled that where no objection is made to the admission of evidence during trial the question cannot be considered by the appellate court. See: English v. State, 122 Fla. 77, 164 So. 848; Chaudoin v. State, Fla.App.1960, 118 So.2d 569. We find the appellant’s second point also to be without merit. The trial court, as reflected by the record, when confronted with the testimony relating to the confession of the accomplice at the first hearing in the cause, recognized the testimony was hearsay and continued the cause until the accomplice could be brought in to testify. Therefore, it is apparent the judge didn’t rely on the readmission of that testimony at the second hearing. Even assuming that the trial court did rely on the testimony complained of, said evidence would constitute harmless error in view of the testimony of the accomplice covering the same matters. Thus, it is entirely proper, in the instant case, to apply the provisions of § 924.33 Fla.Stat.,[1] and we therefore affirm the judgment and sentence of the lower court. See: Martin v. State, 100 Fla. 16, 129 So. 112; Haddock v. State, 141 Fla. 132, 192 So. 802; Albano v. State, Fla. 1956, 89 So.2d 342.
Affirmed.

.§ 924.33 Fla.Stat. “When judgment not to be reversed or modified. No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”