172 So.2d 3 (1965)
Virgal E. SWAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 64-536.
District Court of Appeal of Florida. Third District.
February 2, 1965.
Rehearing Denied March 15, 1965.
*4 Thomas J. Walsh, Homestead, for appellant.
Earl Faircloth, Atty. Gen., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The defendant was found guilty after a non-jury trial in the Criminal Court of Record of a crime against nature upon a seven-year old girl. He appeals his adjudication and sentence to five years in the State penitentiary.
A lieutenant of the Dade County Sheriff's Department received a complaint in reference to the appellant and made an investigation of the matter. He arrested the appellant for the crime charged and took him to the police substation in Perrine, Florida. The lieutenant testified that he advised the appellant of the charge and of his constitutional rights, including the fact that he was not required to make any statement and that any statement he made could be used against him. The appellant made a voluntary statement which was transcribed and signed by the appellant.
Thereafter an information was filed in the Criminal Court of Record charging the appellant with a crime against nature. He was arraigned and entered a plea of not guilty. Trial by jury was waived. The trial was held before a judge of the Criminal Court of Record, who, at the conclusion of the trial, adjudicated the defendant guilty as charged and sentenced him to serve five years in the State penitentiary.
The lurid details of the evidence before the court need not be set out but will be discussed as they apply to the points presented upon this appeal.
The first point presented urges that the trial court erred in holding that the complainant, a child of seven years, was qualified and competent to testify as a witness at the trial. A reading of the record pertaining to this point reveals a thorough and conscientious examination by the court of the young child as to her competency as a witness. A decision upon the competency of a child to testify is one peculiarly within the discretion of the trial judge, because the evidence of intelligence, ability to recall, relate and to appreciate the nature and obligations of an oath are not fully portrayed by a bare record. Clinton v. State, 53 Fla. 98, 43 So. 312 (1907). Furthermore, the Supreme Court in Bell v. State, Fla. 1957, 93 So.2d 575, has set forth that the prime test of the testimonial competency of a young child is the child's intelligence *5 rather than age. Our conclusion is that error has not been shown on this point.
The second point urges that the trial court erred in admitting the accused's pre-trial statement. The pre-trial statement contained an admission of oral contact by the appellant with the complainant but also included an admission of similar acts on other occasions and with other children. In Williams v. State, Fla. 1959, 110 So.2d 654, the Supreme Court has set forth that relevancy is the test of admissibility of statements which reveal the commission of similar offenses. We deem it not necessary to determine whether the statement was relevant in view of the fact that the appellant voluntarily took the stand and during his testimony reiterated in slightly different words essentially the same incriminating admissions contained in the written statement. He is not in a position to claim prejudicial error because of the reference in the written statement to other crimes when he voluntarily testified on the witness stand as to the similar occurrences. Nothing could be served by striking the written statement.
Appellant's third point is also addressed to the admissibility of the written statement. Under this point it is urged that it was error to admit the statement because it was obtained from the appellant without the appellant being taken before a committing magistrate, contrary to § 901.23, Florida Statutes, F.S.A., which provides that a person arrested without a warrant shall be taken before a magistrate without unnecessary delay. It should be noted that the appellant was fully apprised of his rights and voluntarily gave his statement to the officers. We hold that the appellant has failed to demonstrate reversible error upon this point. This does not mean, however, that it is not necessary to comply with § 901.23 since there may be occasions where noncompliance with the statute will result in prejudice to the defendant sufficient to constitute adequate grounds for the reversal of a conviction.
The fourth point presented urges that the trial court erred in announcing his decision prior to argument by counsel. Appellant's counsel subsequently indicated a desire to argue the case and was allowed to do so by the trial court. It is generally held that in cases tried without a jury, the permitting of argument is within the sound discretion of the court. See cases collected at 89 C.J.S. Trial § 576. We hold that under the circumstances of the present case it was not prejudicial error for the judge to announce a tentative decision and then to permit argument. Cf., People v. Berger, 284 Ill. 47, 119 N.E. 975.
The final point presented by appellant is one of grave importance. The appellant was informed against for a crime against nature. The pertinent words of the information are "* * * did then and there unlawfully and feloniously commit the abominable and detestable crime against nature with one [the complainant] that is to say that the said VIRGAL SWAIN did then and there insert the tongue of him the defendant, VIRGAL SWAIN, into the vagina of the said [the complainant] contrary to the form of Statute in such cases made and provided * * *." The proof in the record is that the defendant had contact on or near the sex organs of the complainant. The acts of which the defendant stood accused are made a crime in the State of Florida by § 800.01, Fla. Stat.[1] This statute does not particularize the act or acts which constitute the crime but it is clear that under the law of Florida the information filed against the appellant sufficiently set forth a violation of § 800.01. See Fine v. State, 153 Fla. 297, 14 So.2d 408 (1943). The only question is whether *6 or not penetration is necessary to the commission of the crime. It is apparent that the particular acts here complained of were not included in the crime at common law. See Ephraim v. State, 82 Fla. 93, 89 So. 344 (1921). We believe that a reading of the Florida cases of Lason v. State, 152 Fla. 440, 12 So.2d 305 (1943) and Fine v. State, supra, support the conclusion that penetration is a necessary element of the particular crime charged in the information before us.
We must therefore resist the suggestion of the State that we broaden the scope of § 800.01, Fla. Stat., F.S.A., to include all types of unnatural sexual acts. Judicial legislation of such a broad nature would carry with it the evident danger that a person could be prosecuted under § 800.01 for any activity considered by a particular court to be unnatural.
In the instant case the specification of the crime was exact and that specification was not proved. We cannot say that the specification of the exact nature of the crime was surplusage since the consideration of the specification was necessary to determine if a crime against nature had been charged. However, there is no doubt of the guilt of the accused of a lesser offense. Section 800.04, Fla. Stat., F.S.A., denounces lewd, lascivious or indecent assault or act upon a child.[2] The penalty provided in § 800.04 would cover the sentence of the accused. We hold that the crime set forth in § 800.04 may be a lesser included offense of the crime set forth in § 800.01. In this case the elements of an assault on a female child under the age of 14 years in a lewd, lascivious and indecent manner as prohibited by § 800.04 were fully proved. We therefore hold that although the defendant was erroneously found guilty of the crime charged, he was proved guilty of violating § 800.04, Fla. Stat., F.S.A. Accordingly, the adjudication and sentence in this cause are reversed and the cause remanded for an adjudication of guilty under § 800.04, Fla. Stat., F.S.A. and sentence thereunder.
Reversed and remanded.
NOTES
[1] Section 800.01 Fla. Stat. F.S.A. provides:

"Crime against nature; punishment. Whoever commits the abominable and detestable crime against nature, either with mankind or with beast, shall be punished by imprisonment in the state prison not exceeding twenty years."
[2] Section 800.04 Fla. Stat., F.S.A. provides:

"Lewd, lascivious or indecent assault or act upon or in presence of child. Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years."