190 So.2d 578 (1966)
Robert William DELANEY, Appellant,
v.
STATE of Florida, Appellee.
No. 34541.
Supreme Court of Florida.
September 28, 1966.
*579 Julius F. Parker, Jr., and Parker, Foster & Madigan, Tallahassee, for appellant.
Earl Faircloth, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
PER CURIAM.
On trial by jury the appellant was found guilty of an attempt to commit "the abominable and detestable crime against nature," in violation of F.S. Section 800.01, F.S.A. Instead of adjudging the appellant guilty and imposing sentence on him the trial judge entered an order which withheld adjudication of guilt and placed appellant *580 on probation for a period of five years. In doing so the judge acted pursuant to F.S. Section 948.01, F.S.A. It is this order which is before us for review by way of appeal.
In taking his appeal directly to this court the appellant proceeded on the theory that we have jurisdiction because the trial court, in denying pre-trial motions to dismiss the indictment under which he was tried, passed directly upon the validity of F.S. Section 800.01, F.S.A. as it applies to this appellant under the facts of this case.
The appellee-State argues that this court does not have authority to entertain this appeal because our appellate jurisdiction in criminal matters is limited to review of final judgments and the probation order here involved is not a final judgment.
The State is correct in arguing that the finality of a judgment is generally measured by whether it marks an end to the judicial labor in the cause. Slatcoff v. Dezen, Fla. 1954, 72 So.2d 800; State v. Barone, Fla. 1960, 124 So.2d 490. It is true, as the State points out, that if any one of a number of circumstances occurs the trial court may thereupon resume jurisdiction over the defendant-appellant and enter other orders, including a judgment adjudicating guilt and passing sentence.
Prior to the passage, by the 1959 Legislature, of the present Section 948.01 an accused could be placed on probation, but only after a formal adjudication of guilt by the court. Thus only the imposition of sentence could be withheld. Under the new section the court may place on probation a defendant who has pleaded guilty or nolo contendere, or been found guilty after trial, without first entering a judgment of guilt of conviction.
The obvious purpose of the new procedure was to provide for the rehabilitation of one who had committed a crime without formally and judicially branding the individual as a convicted criminal with consequent loss of civil rights and other damning consequences.
The legislature wisely recognized that this new procedure could precipitate argument over whether a probation order entered without adjudication of guilt was a final or appealable order. To forestall any confusion it amended F.S. Section 924.06(2) F.S.A. to grant an individual subject to such an order the right of appeal therefrom "* * * in the same manner and with the same scope and same effect as if judgment of conviction had been entered and appealed from." However, the fact that such an order is appealable is not enough to satisfy the constitutional limitation that permits this court to review by appeal only "final judgments or decrees."
Whether a probation order entered after final judgment of conviction would be a final order in the appellate sense we are not required to answer now. We are concerned here only with a case in which the sole order entered in and dispositive of the defendant's rights is a probation order. We have concluded that in such a case the probation order must be considered, at least for purposes of appeal, to be a final order. We do this realizing that if such order be later revoked it could be followed by a final judgment of conviction and sentence. Treating such a probation order as a final order is unusual, but then the procedure which allows disposition of a criminal proceeding without a formal and final judgment of conviction is also unusual. We think the unusual procedure requires the unusual result we have reached.
One of the more obvious practical reasons which leads us to hold this probation order to be a final judgment for appeal purposes is that it is necessary where the facts warrant to give the appellant, in this and every like case, the right of appeal to that court which has constitutional authority to review orders passing upon the validity of a statute or construing a constitutional provision. In the instant case, if we were to hold that the subject order is not *581 appealable to this court, it would have to go to a district court of appeal, which court would not have authority to review the orders passing on the validity of the statute. Moreover, if the subject order were not considered to be a final order, it could be argued with force and logic that review of that order would not extend to previous orders such as those denying the motions to quash in this cause. Add to this the fact that we have no provision allowing review of pre-trial interlocutory orders in criminal cases and it becomes apparent that to construe such an order as the one here presented to be anything other than a final order could deny the person subject thereto the appellate review which the legislature obviously intended that he have.
This conclusion requires that we next determine whether the order presents a question within our jurisdiction to review. The State does not contend that we lack jurisdiction because the order appealed from does not pass upon the validity of a state statute. Nevertheless, we mention, in passing, that a final judgment, as we hold this one to be, brings with it for review the prior orders entered in the cause. In this instance the two orders denying the motions to quash the indictment, each of which in effect upheld the validity of F.S. Section 800.01, F.S.A., traveled forward with the order of probation and satisfy the jurisdictional requirement.
Turning to the merits, appellant cites respectable authorities in support of his argument that at common law the "abominable and detestable crime against nature" could only be committed per anum and not per os. In this case appellant was charged with having committed the act per os. Alternatively, he contends that (1) if Section 800.01 be construed as prohibiting only the common law offense, i.e., when committed per anum, the indictment was defective because it charged no crime; or (2), if the statute be construed as prohibiting such an act committed per os, it is invalid because it constitutes an attempt to create a new crime by language too vague and indefinite to apprise a person of what is prohibited. This, says the appellant, makes the statute void because of vagueness in violation of due process standards of both state and federal constitutions.
The State questions the appellant's reading of the common law as not prohibiting copulation per os, but replies that, in any event, this court long ago construed F.S. Sec. 800.01 F.S.A. to extend to such acts and that appellant is bound thereby. We agree.
If the construction of this statute were here for the first time it would be necessary for us to determine whether at common law the crime here involved included acts committed per os. It is unnecessary for us to do so now because this court has on several occasions already considered and answered this very question contrary to appellant's contention. Ephraim et al. v. State, 1921, 82 Fla. 93, 89 So. 344; Jackson v. State, 1922, 84 Fla. 646, 94 So. 505; English v. State, 1935, 122 Fla. 77, 164 So. 848; Lason v. State, 1943, 152 Fla. 440, 12 So.2d 305; Fine v. State, 1943, 153 Fla. 297, 14 So.2d 408; and McElveen v. State, Fla. 1954, 72 So.2d 785.
The real question before us, then, is whether these earlier constructions of the statute have become a part of the statute and the law of this state in the sense that these decisions, together with the statutory language, afforded the appellant sufficient notice that acts committed per os as well as per anum were prohibited by the statute. We hold that they did.
In this state, as in most others, the rule prevails that in reenacting a statute the legislature is presumed to be aware of constructions placed upon it by the highest court of the state, and, in the absence of clear expressions to the contrary, is presumed to have adopted these constructions. Rabinowitz v. Keefer et al., 1931, 100 Fla. 1723, 132 So. 297; Depfer v. Walker, 1936, 125 Fla. 189, 169 So. 660. *582 Indeed, there is substantial authority for the proposition that such reenactment of the statute bars the court from subsequently changing its earlier construction. Rabinowitz v. Keefer, supra; 8 Fla.Jur., Courts, Sec. 152 (1956); 82 C.J.S. Statutes, § 370 (1953). In Johnson v. State, Fla. 1956, 91 So.2d 185, we applied this rule to a criminal statute, expressly overruling a contrary construction by dictum in Grimes v. State, Fla. 1953, 64 So.2d 920.
We do not agree with appellant that this rule is rendered inapplicable here by the circumstances that our prior construction of the statute is broader than the one he contends for. This argument might have been valid on the occasion of the initial judicial construction, on ground of a violation of the prohibition against ex post facto legislation. However, it clearly would not be appropriate as to subsequent applications of the statute as construed. Bouie et al. v. City of Columbia, 1963, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894.
At oral argument, the State struck what we think to be a most telling blow against the appellant's contention that the statute did not afford him notice that such an act per os was prohibited, and that this court's construction thereof in prior cases could not cure the defect. Pointing out that the statute, without further definition, merely prohibits "* * * the abominable and detestable crime against nature, either with mankind or with beast * * *," the State logically posed the question whether it is easier for the public, or a defendant, to determine the nature of this crime by researching the history of the common law or the case law of this state. Although the opinions of this court are not always the essence of clarity, and never as lucid as we would have them, in this instance those previously rendered on this subject clearly advise all people that in this state the abominable crime against nature includes copulation either by mouth or by anus. These decisions are certainly more readily available and more easily understood than the common law.
We conclude, therefore, that Section 800.01, as previously construed by this court in the cited cases, does prohibit the act charged against this appellant, and did and does afford him, and all others persons, notice that the act complained of was a crime in this state with at least the degree of definiteness required by our constitutions.
The order appealed from is affirmed.
THORNAL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.
ERVIN, J., dissents with Opinion.
THOMAS, J., dissents and agrees with ERVIN, J.
ERVIN, Justice (dissenting):
I agree with the State's contention that we are without jurisdiction to hear this appeal.
Section 4(2), Article V of the State Constitution, F.S.A. provides:
"Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only from * * * final judgments or decrees directly passing upon the validity of a state statute * * *." (emphasis supplied)
For the purpose of an appeal to the Supreme Court there is no final judgment or decree directly passing upon the validity of a state statute in this case. All that the trial court did was to withhold an adjudication of guilt and place the Appellant on probation for five years.
F.S. Section 921.01, F.S.A., defines "judgment" in criminal law as the "adjudication by the court that the defendant is guilty or not guilty."
In Slatcoff v. Dezen (Fla.), 72 So.2d 800, 801, it is stated:
"* * * Moreover, the test of a final judgment is whether the judicial labor is *583 at an end. Wolf v. Industrial Supply Corp., Fla., 62 So.2d 30; Wolf v. Cleveland Electric Co., Inc., Fla., 58 So.2d 153; Foley v. State, Fla., 50 So.2d 179, 186. * * *"
To the same effect see State v. Barone (Fla.), 124 So.2d 490, 492, footnote 5.
The reason why the order of probation is insufficient as a predicate for this appeal lies in the fact any one or more of the following contingencies may occur:
(1) The Circuit Court may at any time rescind or modify any of the terms or conditions of probation imposed upon the appellant (F.S. § 948.03, F.S.A.).
(2) If, during the said five years, it should appear to said court that further supervision would be beneficial to the Appellant or to society, the said court may by order extend the supervision period for two extra years (F.S. §§ 948.04, 948.06 and 800.01, F.S.A.).
(3) The Circuit Court may at any time cause the Appellant to appear before it to be admonished or commended, and may discharge him from further supervision when satisfied that its action will be for the best interests of justice and the welfare of society (F.S. § 948.05, F.S.A.).
(4) If the Appellant is charged with violating his probation in a material respect, he must be returned to the Circuit Court for a determination of that charge. This may result in revocation, modification or continuance of probation. If it results in revocation, the Circuit Court must adjudge the Appellant guilty and sentence him. (F.S. § 948.06, F.S.A.)
It is true the statutes authorize trial courts to enter orders of probation and expressly authorize appeal therefrom the same as if they were final judgments. See F.S. Chapter 948, F.S.A., and F.S. § 924.06, F.S.A. However, because of the quoted provision of the State Constitution, unless the order of probation has finality and directness in respect to passing upon the validity of a state statute upon which a defendant's guilt is predicated, it is an insufficient predicate for an appellate review of the case by us.
F.S. Section 948.01(3), F.S.A., authorizes the trial court to either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt and in either event place him upon probation. Since there is no adjudication of guilt in the order or decree sought to be appealed, there is no finality of judgment or decree in respect to the validity of F.S. § 800.01, F.S.A., the statute under attack by Appellant, either in the order or by way of confirmation of an earlier preliminary order in the case passing upon the validity of said section. An adjudication of guilt would settle with finality the unresolved question of the guilt or innocence of Appellant and by necessary implication would relate back and confirm the preliminary order upholding the validity of the statute under which Appellant is charged.
Our appellate jurisdiction is much more limited than is the District Courts' since we must resolve all doubts that the judgment or order sought to be reviewed is a final one directly passing upon the validity of a state statute. An order of probation without adjudication of guilt may have the finality of a judgment or decree as to the matter of probation of a defendant, yet fail to directly and finally pass upon the validity of the state statute under which the defendant is charged. Thus the order of probation in this case may be determined by the District Court to have that degree of finality in respect to the statutory probation of Appellant pursuant to F.S. Ch. 948, F.S.A., to warrant an appellate review of the merits of the order by the District Court, notwithstanding said order fails through lack of an adjudication of guilt of the Appellant or otherwise to directly and finally pass on the validity of the criminal statute upon which Appellant's alleged guilt is predicated and lodge jurisdiction of this appeal with us. Without an adjudication of guilt contained in or *584 confirmed by a judgment or order dispositive of the case, the question of the validity of the statute remains unresolved and as a consequence our appellate jurisdiction is not invoked.
The appellate jurisdiction of the District Court is much broader than is ours. Conceivably, it could in an appeal or certiorari review of this case determine if fundamental error was committed in the antecedent proceedings, e.g., the procurement of the evidence resulting in the order of probation. Conceivably, also, it might find it necessary in its appellate review to pass upon the validity of the statute under which Appellant is charged. If this is done, a predicate would be laid for our jurisdiction to be invoked to review the constitutionality of said statute.
Accordingly, I believe we should transfer the case to the District Court of Appeal, First District.
THOMAS, J., concurs.