KOGAN, Justice.
We have for review an order of the Fifth District Court of Appeal, in White v. State, No. 90-625 (Fla. 5th DCA 1990), dismissing an appeal of an order finding Bernice White in contempt, but withholding adjudication contingent upon her making a donation to a named charity. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, due to conflict with this Court’s decision in Delaney v. State, 190 So.2d 578 (Fla.1966), appeal dismissed, 387 U.S. 426, 87 S.Ct. 1710, 18 L.Ed.2d 866 (1967).
The contempt proceeding against White arose in connection with a juvenile delinquency proceeding in which she was the assigned Department of Health and Rehabilitative Services caseworker. An order committing the child to a detention center to await disposition of the case was entered by the trial court in the underlying action. The detention order included the handwritten addition “HRS to staff.” When the court later suspected that the ordered staffing had not occurred, it issued an order to show cause why White, the assigned caseworker, should not be held in contempt for failure to staff the case as ordered. After a hearing, an order was entered finding White in contempt but withholding adjudication on the condition that she make a one-hundred-dollar contribution to a named charity within thirty days.
The order was timely appealed. The district court granted the state’s motion to dismiss, agreeing that the contempt order was not a final appealable order within the meaning of Florida Rule of Appellate Procedure 9.140(b)(1)(A). The court reasoned that the order appealed is not a final judgment adjudicating guilt under the rule because, although it is a factual finding that White is in contempt, adjudication was withheld on a condition to be fulfilled by the petitioner.
We agree with White that the order at issue is the functional equivalent of a probation order and, therefore, must be considered an appealable final order under this Court’s decision in Delaney. 190 So.2d at 580 (where “the sole order entered in and dispositive of the defendant’s rights is a probation order[,] ... the probation order must be considered, at least for purposes of appeal, to be a final order”). Moreover, the order is expressly appealable under Florida Rule of Appellate Procedure 9.140(b)(1)(B) which provides that a defendant may appeal “[a]n order granting probation, whether or not guilt has been adjudicated.”
Accordingly, the order of the district court below dismissing White’s appeal is quashed and the cause is remanded for further proceedings consistent with this decision.[1]
It is so ordered.
SHAW, C.J., and OVERTON, MCDONALD, BARKETT, GRIMES and HARDING, JJ., concur.

. White does not raise the issue before this Court and we do not comment on the propriety of that portion of the trial court’s order withholding adjudication contingent upon White making a charitable contribution.