PER CURIAM.
By a petition for writ of certiorari, the State of Florida seeks review of a non-final order ruling a witness incompetent to testify in the trial of Joseph Nahume Green, *584 respondent. Because the trial court’s order cannot be said to constitute a “violation of a clearly established principal of law resulting in a miscarriage of justice,” Combs v. State, 436 So.2d 93, 95-96 (Fla.1983), we deny the petition.
Respondent’s first degree murder conviction and death sentence was reversed, and a new trial ordered. See Green v. State, 688 So.2d 301 (Fla.1996). At respondent’s second trial, the state sought to call Lonnie Thompson as a witness. Respondent argued, as he had in the initial trial, that Thompson was incompetent to testify. See id. at 307 (Kogan, C.J., concurring). After conducting an evidentiary hearing, which included the testimony of three psychiatric expert witnesses, the trial court entered the order on review, making detailed findings as to Thompson’s incompetency and ruling that “Lonnie Thompson does not meet the standard required by law to be permitted to testify in this case.”
Although, under section 90.601, Florida Statutes (1997), every person is presumed competent to testify, a person may be disqualified to testify as a witness if he or she lacks the capacity (i) to communicate in such a manner as to be understood, (ii) to understand the duty of a witness to tell the truth, or (iii) to perceive and recollect the facts when testifying. See §§ 90.603 and 90.604, Fla. Stat. (1997); see generally C. Ehrhardt, Florida Evidence, (1999), § 603.1' at 391 (“Section 90.603 requires that a witness have the capacity to communicate and to understand the duty to tell the truth. The other generally required qualifications of a witness, e.g., the capacity to perceive and recollect, are included within the provisions of section 90.604. In order to have the requisite personal knowledge of the matter about which he or she is to testify, a witness must have the ability to perceive, remember and communicate facts.”).
In ruling on whether a witness is competent, the trial judge has broad discretion. See Barton v. State, 704 So.2d 569, 574 (Fla. 1st DCA 1997); Swain v. State, 172 So.2d 3, 4 (Fla. 3d DCA 1965). Here, the trial court correctly applied the three-pronged analysis used to determine whether children or individuals suffering from a mental impairment are competent to testify. See Griffin v. State, 526 So.2d 752, 753 (Fla. 1st DCA 1988); Hammond v. State, 660 So.2d 1152, 1156 (Fla. 2d DCA 1995). The record contains a sound evi-dentiary basis for the trial court’s detailed findings, and we find no abuse of discretion. Accordingly, we deny the petition.
VAN NORTWICK AND PADOVANO, JJ., CONCUR.
BENTON, J., CONCURS WITH WRITTEN OPINION.