NAPOLEON B. BROWARD, APPELLANT, VS. J. E. T. BOWDEN, HARRY MASON, JOSEPH H. VENDIG, LEWIS C. SHILER, B. F. BLAKE, C. E. SMITH AND CHARLES W. RICHARDSON, PARTNERS DOING BUSINESS AS THE DUVAL ATHLETIC CLUB, APPELLEES.

APPEAL WILL BE DISMISSED WHEN NOTHING CAN RESULT THEREFROM.

An appellate court will not entertain an appeal where it is plain that nothing can be accomplished by its decision, whether it be for or against the appellant.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion.

The *Attorney-General*, for Appellant.

No appearance for Appellees.

Per Curiam :

On January 24, 1894, the Circuit Court of Duval county, in a suit in equity brought by appellees against appellant, granted an injunction restraining the appellant from entering upon the premises known as the Fair Grounds, in the city of Jacksonville, and from holding possession thereof, and from excluding appellees and any persons entering by their permission upon said premises, and from interfering with or disturbing a glove contest between J. J. Corbett and Charles Mitchell, carried on and conducted in substantial conformity with certain articles of agreement signed by Corbett, Mitchell and Harry Mason for the Duval Athletic Club, attached as an exhibit to the bill, and

from declaring his purpose of taking possession of said premises and interfering with the glove contest, and from interfering with or disturbing complainants in the peaceable and quiet possession and enjoyment of said premises until the further order of the court.

On January 29th, 1894, the complainants' counsel filed in the clerk's office the following *praecipe* for dismissal of their bill, *viz:* "Comes now the complainants * * * and dismiss the bill of complaint herein." After the filing of this *praecipe* for dismissal, on February 23d, 1894, the defendant Broward entered his appeal to this court from the order granting the injunction, and assigns as the only error the granting of the injunction.

It is wholly unnecessary for this court to pass upon the merits or demerits of the injunction granted, since the only thing to be relieved against by the reversal sought here would be the injunction. The Circuit Judge, had the complainants' *praecipe* for dismissal of their bill been called to his attention, would certainly have dismissed the bill in accordance with the application therefor in the *praecipe*, which dismissal of the bill would have dissolved the injunction. There was no bond exacted or given upon the granting of the injunction, liability upon which could be fixed by a reversal of the injunction order. The appeal, therefore, being utterly useless under the circumstances (Matter of Manning, 139 N. Y. 446, 34 N. E. Rep. 931; Lockwood vs. Wickes, 21 C. C. A. 257, 75 Fed. Rep. 118; Mills vs. Green, 159 U. S. 651, 16 Sup. Ct. Rep. 132), the cause is remanded with directions to the Circuit Judge to enter an order dissolving the injunctions and dismissing the bill in compliance with the complainants' praecipe therefor, and directing the

complainants below to pay the costs of the Circuit Court. The costs of this appeal shall be paid by the appellant.