THE JACKSONVILLE TERMINAL COMPANY, PLAINTIFF
IN ERROR, VS. THE STATE OF FLORIDA *ex rel.*
.W B. LAMAR, ATTORNEY-GENERAL, *et al.*, &c.,
DEFENDANTS IN ERROR.

Appellate Practice—Dismissal Where All Adversity of Interests
Settled Between Parties.

Where a writ of error is taken by a party against whom a peremptory writ of mandamus has been awarded, and it is made to appear satisfactorily to the appellate court that subsequently to the granting of such peremptory writ the party for whose benefit such writ was awarded acquired by amicable purchase from the party against whom it was awarded all of the rights and privileges sought to be enforced by such writ, and had been amicably let into the possession and enjoyment of all such rights and privileges by reason of such purchase, irrespective of such mandatory writ, thus obliterating all adversity of interest between the parties, and leaving no further contested issue between them, such writ of error will be dismissed.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*John E. Hartridge*, for Plaintiff in Error.

PER CURIAM:

The gist of this action by mandamus was to compel the Jacksonville Terminal Company to comply with an

order made by the State Railroad Commissioners commanding it to permit the Atlantic, Valdosta and Western Railway Company to enter its terminal station, and to extend to such railway company the same terminal facilities that it extended to other railroad companies entering therein.   It is now made to appear  to  this court by the written statements of both parties filed herein that since the granting of the peremptory writ of mandamus by the Circuit Court, from which the writ of ·error herein was taken, said Atlantic, Valdosta and Western Railway Company has by purchase become the, owner of one-fourth of the capital stock of said corporation, the Jacksonville Terminal Company, which  purchase entitles it to receive the same rights and facilities as other railroads entering said  terminal  company's station and grounds, and that it is receiving by virtue of such purchased interest, and not under the peremptory writ of mandamus, with the consent of said terminal company, and satisfactorily to the State Railroad Commissioners, all the rights and privileges sought to be ·enforced in this litigation; and that there is no longer any adverse interests at issue in the cause, but that all adversity of interests between the parties have been fully settled and closed by such purchase by the Atlantic, Valdosta and Western Railway Company of one-fourth of the capital stock of said Jacksonville Terminal Company, it is therefore, hereby ordered that the writ of error herein be, and the same is hereby, dismissed at the cost of the plaintiff in error.   Cleveland v. Chamberlain, 1 Black (U. S.) 419; Little v. Bowers, 134 U. S. 547, 10 Sup. Ct. Rep. 620; Mills v. Green, 159 U. S. 651, 16 Sup. Ct. Rep. 132; Broward v. Duval Athletic Club, 39 Fla. 751, 23 South. Rep. 489; Matter of Manning, 139 N. Y. 446. 34 N. E. Rep. 931.