Alabama Coal Co. v. Bowden—Syllabus.

ALABAMA COAL COMPANY, A CORPORATION. PLAINTIFF IN ERROR, VS. R. F. BOWDEN, SHERIFF OF DUVAL COUNTY, FLORIDA, DEFENDANT IN ERROR.

1. A writ of error from the Supreme Court, to review the judgment of a Circuit Court refusing a peremptory writ of mandamus to compel the sheriff to approve a forthcoming bond tendered him by the defendant in an action of replevin instituted in such Circuit Court, and to redeliver to such defendant the property taken by virtue of the writ of replevin as provided by Section 1719 Revised Statutes, will be dismissed, where, after the writ of error was sued out, the replevin suit came on for trial resulting in verdict and judgment for plaintiff in replevin, and such judgment upon writ of error taken to the Supreme Court by defendant in replevin, has been affirmed.

2. A writ of error from a judgment refusing a peremptory writ of mandamus will be dismissed, where it appears to the appellate court that nothing of practical benefit to the plaintiff in error can be accomplished by a decision of the questions involved in such writ of error, whether the decision be for or against him.

Writ of Error to the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the court.

*John L. Doggett,* for Plaintiff in Error.

*H. H. Buckman,* for Defendant in Error.

PER CURIAM.

This cause was referred by the court to its commissioners for investigation, who report that it ought to be dismissed. After due consideration the court finds from the transcript of the record that upon relation of the plaintiff in error an alternative writ of mandamus issued from the Circuit Court of Duval County on the first day of April, 1895, commanding defendant in error to approve a certain bond and to deliver to relator certain property or show cause why he failed so to do. Such proceedings were subsequently had in the case that the alternative writ was quashed, and the peremptory writ denied, and from the final judgment entered this writ of error was taken by the relator.

It appears from the transcript that on March 1, 1895, one John G. Christopher began an action of replevin against relator to recover possession of two lighters with anchors, davits, chains, &c.; that the writ of replevin duly issued and came to the hands of defendant in error as sheriff to be executed; that by virtue of such writ the defendant in error took possession of the two lighters, and thereafter relator tendered him a forthcoming bond and demanded that possession of said property be redelivered

to it as required by Section 1719, Revised Statutes, and that the defendant in error declined to approve said bond or to redeliver said property for reasons not necessary to be stated.

The replevin suit referred to, *viz*: Christopher against relator, after the writ of error was sued out in this case was tried in the Circuit Court of Duval county, resulting in a verdict and judgment in favor of Christopher. Thereafter relator sued out a writ of error to this court to review the judgment in that case, and this court has this day decided that there is no reversible error in that proceeding and affirmed the judgment. It therefore becomes apparent that it is unnecessary to decide the questions involved in this proceeding by mandamus, as a decision in favor of the plaintiff in error would result in no practical benefit to it inasmuch as by the replevin suit this day affirmed, it is shown to have no right in the property, redelivery of which is sought by the mandamus. Neither the Circuit Court nor this court can now, after the replevin suit has been finally determined in favor of Christopher, the plaintiff therein, compel the sheriff to accept a bond conditioned that relator, the defendant in the replevin suit, will have the property forthcoming to abide the result of the replevin suit, and thereupon compel him, the sheriff, to redeliver the property under such bond to the relator. Nothing can be accomplished by a decision of this mandamus case, whether the decision be for or against the relator plaintiff in error. Accordingly, this writ of error must be dismissed. Broward v. Duval Athletic Club, 39 Fla. 751, 23 South. Rep. 489.

The writ of error will be dismissed.