VOL. 48, JUNE TERM, 1904.          75

Galvin *et al.*, Co. Com'r's, v. Davidson.—Opinion of Court.

DANIEL J. GALVIN, CHARLES B. WARE, JAMES D. POLLARD, BARRY W. BRANCH AND WALTER O. HOBBS, COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, *Plaintiffs in Error*, v. B. H. DAVIDSON, *Defendant in Error*.

APPELLATE PRACTICE—DISMISSAL WHERE NOTHING CAN RESULT FROM DECISION.

Where the object of proceedings in mandamus is to compel the issuance of a permit to engage in a license occupation, and when the appellate court reaches such cause for adjudication it finds that the time has already expired when the permit sought to be coerced could legally be operative, such cause will be dismissed, since nothing could result from the decision either *pro* or *con* to either of the parties.

This case was decided by the court *En Banc*.

Writ of error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Phillips & Phillips* for plaintiffs in error.

*McNamee & Lunsford* for defendant in error.

TAYLOR, C. J.—The defendant in error, B. H. Davidson, obtained a peremptory writ of mandamus in the Circuit Court of Hillsborough county against the plaintiffs in error as county commissioners of said county commanding them to issue to him a permit, under the statute in such cases, to sell liquors, wines and beer in election district No. 28 of said county for and during the license year beginning on the 1st day of October, A. D. 1903, and ending on the 1st of October, A. D. 1904. From the judgment awarding the peremptory writ the said county commissioners have sued out writ of error from this court.

Upon reaching the case in its order on the docket the court finds that the time has expired during which the permit sought to be coerced by the writ would have been legally operative, and, consequently, that a decision at this time of the questions presented by the pleadings, either for or against either of the parties, would be entirely barren of any results. Under these circumstances, according to the well established rule here, as elsewhere, the cause must be dismissed, and it is, therefore, hereby ordered and adjudged that the said cause be, and the same is hereby, dismissed, at the cost of the plaintiffs in error. *State ex rel. Vann v. Martin,* 47 Fla. 223, 36 South. Rep. 362; *State ex rel. Rowe v. Martin,* 44 Fla. 175, 32 South. Rep. 926; *Broward v. Duval Athletic Club,* 39 Fla. 751, 23 South. Rep. 489; *State ex rel. Vereen v. Commissioners of Marion County,* 27 Fla. 438, 8 South. Rep. 749.

SHACKLEFORD, COCKRELL, HOCKER and WHITFIELD, JJ., concur.

CARTER, J., absent.