R. M. YENT, *et al.*, COUNTY COMMISSIONERS, *Plaintiffs in Error*, v. STATE *ex rel.* H. J. RICHARDSON, *Defendant in Error*.

Opinion Filed November 11, 1913.

A writ of error taken in mandamus proceedings to compel the issuance of a license to sell liquors, wines and beers, will be dismissed when the time during which the license is operative,

has expired before the cause on writ of error is reached for final disposition.

Writ of error to Circuit Court, Franklin County; John W. Malone, Judge.

Dismissed.

*R. Don McLeod, Jr., J. A. Edmondson* and *F. T. Myers,* for Plaintiffs in error;

*F. B. Winthrop* and *W. J. Oven,* for Defendant in error.

PER CURIAM.—The defendant in error obtained a peremptory writ of Mandamus in the Circuit Court for Franklin County against the plaintiffs in error as county commissioners of said county commanding them to issue to him a permit, under the statute, to sell liquors, wines and beer in Election District No. 2 of said county for and during the period ending October 1st, 1913. The county commissioners took a writ of error returnable June 25, 1913. The cause was finally submitted here upon briefs filed September 24, 1913.

Upon reaching the case in its order on the docket, the court finds that the time during which the permit was legally operative has expired, and, consequently, that a decision at this time of the questions presented by the pleadings, would be entirely barren of results; therefore, according to the well established rule here, as elsewhere, the cause should be and is hereby dismissed. Galvin v. Davidson, 48 Fla. 75, 37 South. Rep. 575, and cases there cited.

Dismissed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER, AND WHITFIELD, J. J., concur.

ON MOTION TO REINSTATE.

Filed November 25, 1913.

Whenever an election is duly held under Article XIX of the Constitution "to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited" in a county, and a majority of those voting at the election in the county is cast in favor of the sale of liquors, &c., therein, and in one election district of the county the vote is a tie, the sale of liquors, &c., in such election district is not thereby prohibited, since a majority vote was not cast in such election district in favor of prohibition as contemplated by Article XIX of the constitution.

Motion denied.

*R. Don McLeod, Jr., J. A. Edmondson* and *F. T. Myers,* for Plaintiffs in error;

*F. B. Winthrop* and *W. J. Oven,* for Defendant in error.

PER CURIAM.—The writ of error herein having been dismissed because the time had expired during which the license here involved was effective, a motion is made to reinstate the cause for decision on its merits upon the ground, in effect, that a question is presented in which the public of the locality affected by the license are directly and materially interested and a decision of the question could promote the public welfare. State *ex rel.* Railroad Commissioners v. Southern Telephone & Construction Co., 65 Fla. 67, 61 South. Rep. 119.

Article XIX of the Constitution is as follows:

"ARTICLE XIX.
Local Option.

Section 1. The board of county commissioners of each county in the State, not oftener than once in every two years, upon the application of one-fourth of the registered voters of any county, shall call and provide for an election in the county in which application is made, to decide whether the sale of intoxicating liquors, wines and beer shall be prohibited therein, the question to be determined by a majority vote of those voting at the election called under this section, which election shall be conducted in the manner prescribed by law for holding general elections; Provided, That intoxicating liquors, either spirituous, vinous or malt, shall not be sold in any election district in which a majority vote was cast against the same at the said election. Elections under this section shall be held within sixty days from the time of presenting said application, but if any such election should thereby take place within sixty days of any State or National election, it shall be held within sixty days after any such State or National election.

Section 2. The Legislature shall provide necessary laws to carry out and enforce the provisions of section one of this article."

It appears that an election held in Franklin County in 1907, under Article XIX of the Constitution, "to decide whether the sale of intoxicating liquors, wines and beer shall be prohibited therein." the majority vote in the county was for the sale of liquors, &c., and against prohibition, while the majority vote in election district No. 2 was against the sale of liquors &c., and in favor of pro-

hibition, and by virtue of such majority vote in Election District No. 2 the sale of liquors, &c., in such Election District was prohibited by Article XIX of the constitution, even though the majority vote in the entire county was in favor of the sale of liquors, &c., and against prohibition. It also appears that at another election under Article XIX of the constitution, held in 1913, the majority vote in the county was against prohibition, while in Election District No. 2 of the county the vote was declared to be a tie, *viz,* 76 votes for prohibition and 76 votes against prohibition. Between the elections in 1907 and 1913 there was a change in the boundaries of the Election District, but that is not material to the particular question here.

It is contended that under the election held in 1907 prohibition prevailed in Election District No. 2 of the county, and that the last vote in such district being a tie, the former status of prohibition remains. This is not a proper interpretation of Article XIX of the Constitution. When the election was held in 1913 the status of the county was again fixed, and by the terms of the constitution, when an election is held in a county "to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein," a majority vote of those voting at the election in the county determines the issue for the county, "Provided, that intoxicating liquors, either spirituous, vinous or malt. shall not be sold in any election district in which a majority vote was cast against the same at said election."

In this case the county voted against prohibition and in favor of the sale of liquors, &c., therein, and as in Election District No. 2 a majority vote was not cast against such sale, the sale of liquors, &c., in such Election District is not prohibited.

The motion to reinstate is denied.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.