S. B. HOGAN, H. K. STILL, W. R. MINOR, BEING AND CONSTI-
TUTING THE BOARD OF PUBLIC INSTRUCTION OF HARDEE
COUNTY, FLORIDA, *Plaintiffs in Error*, v. STATE OF FLOR-
IDA *ex rel.* G. W. WILLIAMS, W. M. LOWE, J. M. HAN-
COCK, TRUSTEES OF GARDNER SPECIAL TAX SCHOOL DIS-
TRICT, HARDEE COUNTY, FLORIDA, AND H. G. KETRING,
*Defendants in Error,*

Opinion Filed November 5, 1923.

1. A writ of error to review a judgment of the Circuit Court
   issuing a peremptory writ of mandamus commanding the
   employment of a teacher within a special tax school district
   by the board of public instruction of the county, upon the
   nomination of the trustees of such district, for a given school
   term, the judgment having been superseded, will be dis-

   missed where it appears that the time during which the em-
   ployment would be effective has expired.

2. Prior to August 22, 1922, the trustees of a special tax school
   district nominated to the board of public instruction of the
   county a teacher for a school within the district "for the

362    SUPREME COURT OF FLORIDA.

Hogan et al. v. State of Fla. ex rel. Williams et al.—Opinion of Court.

next ensuing term." The then current school year ended June 30, 1923. The nomination, according to the language employed, referred to a term within the school year. The case comes to this court on writ of error to review the granting of a peremptory writ of mandamus commanding the employment of the teacher by the board of public instruction, in accordance with the nomination, for the term stated. The case is now reached for consideration by this court. The school term within which the contract of employment would have been effective has expired. *Held*, that a decision of the question would be barren of any results and the writ of error should therefore be dismissed.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Hardee County; George W. Whitehurst, Judge.

Dismissed.

*L. Grady Burton*, for Plaintiffs in Error.

*W. W. Whitehurst*, for Defendants in Error.

WEST, J.—Upon petition of the State of Florida *ex rel.* G. W. Williams, W. M. Lowe, J. M. Hancock, trustees of Gardner Special Tax School District, Hardee County, relators, against S. B. Hogan, H. K. Still and W. R. Minor, being and constituting the Board of Public Instruction of Hardee County, respondents, an alternative writ of mandamus issued on the 22 day of August, A. D. 1922. The command is that the respondents assemble and appoint H. C. Ketring as a teacher in and for Gardner school, located within said special tax school district, "and to comply in all respects with the nomination made by relators," of said teacher, or show cause upon a fixed date why they had not

VOL. 86, JUNE TERM, 1923. 363

Hogan et al. v. State of Fla. ex rel. Williams et al.—Opinion of Court.

done so. Upon a hearing, after return by respondents to the alternative writ and the taking of testimony, a peremptory writ was issued commanding the respondents to appoint the said H. C. Ketring as a teacher in said school and accord to him the usual rights and privileges incident to his appointment. Writ of error was taken from this court. There is in the record a supersedeas bond and the peremptory writ was not executed.

The nomination which the respondents were commanded to comply with was "for the next ensuing school term," and it is alleged that the certificate of said teacher would not expire before the end of the term of the Gardner school, referred to in the nomination.

On motion the pages of the transcript of the record containing the evidence were stricken. Hogan v. State *ex rel.* Williams, 85 Fla. 27, 95 South. Rep. 617.

Trustees of special tax school districts are given power to nominate to county boards of public instruction teachers for all schools within such districts, but the county board of public instruction has the right to reject any teacher nominated and proceed on its own motion to fill vacancies in the teaching force of such schools. Sec. 569, Revised General Statutes.

The relators contend and the court held that "the said board of public instruction abused the discretion vested in it in that the rejection of said nomination *in the manner disclosed by the evidence herein* was unwarranted and amounted to fraud upon the right of relators."

The evidence upon which the court's ruling in awarding the peremptory writ was based having been stricken from the record, no matter is presented to this court for review, and upon that theory the judgment might be affirmed. DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97

South. Rep. 205; Granquist v. State, 86 Fla. 32, 97 South. Rep. 205; Jackson v. State, 84 Fla. 646, 94 South. Rep. 505.

The record, however, discloses a situation requiring a different disposition of the case. The nomination was made prior to August 22, 1922. It was for the "next ensuing school term." The school year begins on the first day of July and ends on the last day of the following June. Sec. 428, Revised General Statutes. The nomination having been made during the second month of the school year, must, according to the language employed, have referred to a term within the school year. Sec. 431, Revised General Statutes. The then current school year expired June 30, 1923.

It appearing that the time has expired during which the contract of employment with said teacher would have been effective, if the nomination of relators had been recognized and the teacher appointed and contracted with for the "next ensuing school term" by the respondent board of public instruction, a decision of the question now would be entirely barren of any results. Under these circumstances, according to the well established rule here as elsewhere, the writ of error must be dismissed. Galvin v. Davidson, 48 Fla. 75, 37 South. Rep. 575; State ex rel. Vann v. Martin, 47 Fla. 223, 36 South. Rep. 362; State ex rel. Rowe v. Martin, 44 Fla. 175, 32 South. Rep. 926; Broward v. Duval Athletic Club, 39 Fla. 751, 23 South. Rep. 489; State ex rel. Vereen v. Commissioners Marion County, 27 Fla. 438, 8 South. Rep. 749.

Dismissed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.