J. E. FRENKEL, CITY TREASURER FOR THE CITY OF PENSACOLA, FLORIDA, *Plaintiff in Error*, v. STATE OF FLORIDA *ex rel* ROB JOHNSON, *Defendant in Error*.

En Banc.

Decision Filed February 3, 1925.

Petition for Rehearing granted March 27, 1925.

Writ of Error dismissed June 27, 1925.

A writ of error taken to a final order awarding a peremptory writ of mandamus commanding the issuance of a municipal license, will be dismissed when the period for which the license was issued has expired; but such dismissal does not affirm the final order; nor does it affect the rights of the municipality against the relator for violations of municipal ordinances in doing business without a license.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Order affirmed.

*Jno. B. Jones,* for Plaintiff in Error;

*J. McHenry Jones,* for Defendant in Error.

PER CURIAM.—The writ of error herein is dismissed on authority of Yent v. State *ex rel.* Richardson, 66 Fla. 336, 63 South. Rep. 452; Galvin v. Davidson, 48 Fla. 75, 37 South. Rep. 575.

TAYLOR, C. J., AND WHITFIELD, BROWNE AND TERRELL, J. J., concur.

## ON REHEARING.

PER CURIAM.—This writ of error with a supersedeas was taken to a final order rendered September 20, 1924, awarding a peremptory writ of mandamus commanding the issue of a license for operating four billiard tables in the City of Pensacola. The applications for such license had been made January 20, 1924. Under the ordinances of the city all licenses expire on the 30th day of September each year. The transcript of the writ of error was filed here November 1, 1924. When the case was reached, the period of time for which the license was to be issued having expired the writ of error was dismissed on the authority of Yent v. State *ex rel.* Richardson, 66 Fla. 336, 63 South. Rep. 452; and Galvin v. Davidson, 48 Fla. 75, 37 South. Rep. 575. A rehearing was granted.

It appears that the relator for more than 30 days before he made application for a license therefor, had been operating billiard tables for other than private use, without a license and in violation of the ordinances of the city. For this reason, if for no other, the peremptory writ of mandamus should have been denied; and a dismissal of the writ of error because the license period had expired was not an affirmance of the final order awarding the peremptory

writ, nor did it affect the rights of the city against the relator for breaches of the city ordinance he may have committed.

The order dismissing the writ of error will stand as the final order of this court.

WEST, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.