## CITY OF ST. PETERSBURG v. DALLAS CLARK

166 So. 563.
Division A.
Opinion Filed April 23, 1936

*W. F. Way, Carroll R. Runyon,* and *Lewis T. Wray,* for Appellant;

*Hardee & Martin,* for Appellee.

PER CURIAM.—The City Manager of St. Petersburg issued an order revoking or restraining for a period of two months the right of the appellee to carry on his business as a licensed retail dealer in beer and light wines on the ground that he had knowingly permitted the sale of intoxicating liquors on his premises. The appellee filed a bill against the City of St. Petersburg for an injunction restraining said City, its officers, agents or employees from enforcing or attempting to enforce such order. The bill was filed the day after the order was made. On that day the court granted a temporary injunction or restraining order, and several weeks later the defendant, appellant here, filed an

answer. The defendant also filed a motion to dissolve the temporary injunction. The court made an order denying this motion. But by this time the period for which the license had been revoked or suspended by the City Manager had expired. Nevertheless appeal was taken by the defendant City to said order of the court and extensive briefs filed by the respective parties. It therefore appears that when the appeal was taken, and also later when the transcript was lodged in this court, this case had become moot. The period for which the license had been suspended or revoked had expired, and even if the order of the court granting the temporary injunction should be reversed it would be fruitless to the appellant.

The chancellor, in making the order appealed from may have relied upon Section 2 of Chapter 15884, Laws of 1933, which vested in the Governor the power to revoke the license of any licensee under that Act who violated the prohibition laws, while the city charter was silent on the subject of the revocation of licenses. But as this is now a moot case, and the court is not convinced that the public interests require a decision of the question raised, it is ordered that the appeal be dismissed.

Appeal dismissed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.