M. G. WELLS v. STANLEY COCHRANE, Chairman Board of County Commissioners of Pasco County, and B. A. THOMAS, ARTHUR SCHRADER, W. C. LAW and L. C. POOLE, Members of the Board of County Commissioners.

188 So. 87.

Division B.

Opinion Filed April 14, 1939.

*Martin & Martin,* for Plaintiff in Error;

*Larkin & Larkin* and *W. Kenneth Barnes,* for Appellee.

PER CURIAM.—This case is here on appeal from an order dated October 14, 1938, entered by the Circuit Court of Pasco County, Florida, denying the application of the plaintiff below for a temporary injunction (a) to restrain the Board of County Commissioners of Pasco County, Florida, from printing ballots and naming inspectors and from holding a local option election pursuant to Chapter 13250, Laws of Florida, Special Acts of 1927, controlling live stock running at large in certain portions of Pasco County, Florida; (b) and that the temporary restraining order upon proper proof on final hearing be made by a final decree of the Court permanent. The bill of complaint alleged that the County Commissioners on October 3, 1938, called an election to be held on November 8, 1938.

Counsel for appellees contend that the decree denying the temporary injunction should be affirmed for two reasons: (1) that the granting of a temporary injunction rests largely in the sound judicial discretion of the trial court, to be governed by the circumstances of each case; and that a presumption exists as to the correctness of the ruling of

the lower court and an abuse of the discretion with which the trial court is clothed has not on this record been shown to have occurred by refusing or denying the temporary restraining order. We agree to this contention. See: McMullen v. County of Pinellas, 90 Fla. 398, 106 So. 73; Savage v. Parker, 53 Fla. 1002, 43 So. 507; Gillis v. State Live Stock Sanitary Board, 94 Fla. 890, 114 So. 509; Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. 822: Hold v. De Loach-Edwards Co., 56 Fla. 902, 48 So. 1039; Allen v. Hawley, 6 Fla. 142, 63 Am. Dec. 198; McKinne v. Dickenson, 24 Fla. 366, 5 So. 34; Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 So. 574, 127 Am. St. Rep. 155, 16 L. R. A. (N. S.) 307, 14 Ann. Cas. 472; Viser v. Willard, 60 Fla. 395, 53 So. 501; Linton v. Denham, 6 Fla. 533.

(2) The election was called on October 3, 1938, by the County Commissioners of Pasco County to be held on the 8th day of November, 1938, on the part of the qualified voters of Pasco County, Florida, and the order denying the restraining order is dated October 11, 1938. The transcript of record was filed in this Court on October 17, 1938, and counsel for appellant on November 18, 1938, filed his original brief and on December 5, 1938, appellee filed a reply brief in which he makes known that the election was held on November 8, 1938 and the court's order refusing to restrain the holding of the election is now moot as the time therefor elapsed. See City of St. Petersburg v. Clark, 127 Fla. 232, 166 So. 563; Alabama Coal Co. v. Bowden, 44 Fla. 163, 31 So. 820; Tyler v. Peacock, 98 Fla. 981, 124 So. 463; Hogan v. State, *ex rel.* Williams, 86 Fla. 361, 98 So. 70; Yent v. State, *ex rel.* Richardson, 66 Fla. 336, 63 So. 452; McCormick v. Bond, 75 Fla. 819, 78 So. 681; Du-Bose v. Meister, 92 Fla. 995, 110 So. 546.

It is contended that this Court should pass upon the sev-

eral questions involving the constitutionality of the Chapter 13250, *supra.* These questions have not been ruled upon by the lower Court and when same are presented here in an orderly manner the same will be ruled upon.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and CHAPMAN, and BROWN, J. J., concur.

TERRELL, C. J., concur in opinion and judgment.

Justices BUFORD and THOMAS, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.