101 So.2d 58 (1958)
GROFF G.M.C. TRUCKS, INC., a Delaware corporation, Appellant,
v.
Howard D. DRIGGERS and Motors Insurance Corporation, a Corporation, Appellees.
No. A-43.
District Court of Appeal of Florida. First District.
February 25, 1958.
On Petition for Rehearing and to Clarify Opinion March 19, 1958.
*59 Hazard & Thames, Jacksonville, for appellant.
Crawford, May & Boyer, Boggs, Blalock & Holbrook, Jacksonville, for appellee.
WIGGINTON, Judge.
This is an interlocutory appeal taken by Groff, the defendant at trial, from the issuance of a mandatory injunction after notice and hearing before the Circuit Court of Duval County.
The complaint alleges and the proof offered by Driggers, as plaintiff at trial before the Chancellor, shows both Groff and Driggers to be residents of Duval County. Driggers owns a fleet of trucks with which he engages in the business of transporting produce from various points in Florida to markets outside the state. Groff is in the business of selling and repairing trucks and equipment of the type owned and used by Driggers. After some considerable dealings between them, Groff and Driggers became involved in a dispute concerning payment allegedly owed for certain repairs made by Groff to a truck owned by Driggers.
During the progress of this dispute, one of Driggers' other trucks, which was insured by Motors Insurance Corporation, was involved in an accident in which it was virtually demolished. Thereafter, Driggers filed a claim for payment for damages to his truck with Motors Insurance Corporation, which claim was approved. A check for payment of the claim was dispatched from the carrier's home office to its Jacksonville office for delivery. Upon calling at the Jacksonville office to accept delivery of the settlement check, Driggers was informed of a telephone call from the carrier's regional office in Atlanta instructing that the check be transmitted to Atlanta forthwith. This action on the part of Motors Insurance Corporation was taken because of the institution of a suit by Groff in the Civil Court of Fulton County, Georgia, to recover judgment on the alleged repair debt owed it by Driggers. Groff had secured an order from the Georgia court attaching the insurance funds owed by Motors Insurance Corporation pending the outcome of that suit, and for this reason the insurance company refused to deliver its settlement check to Driggers.
The proofs show and the Chancellor found that there exists a bona fide dispute between Groff and Driggers as to the existence of the debt alleged by Groff in the Georgia suit. The cause of action in this claim, if one exists, accrued in Duval County where the alleged debt was incurred and where the parties and their witnesses reside. The proceeds due Driggers on his insurance loss could, and can be reached by service of process upon Motors Insurance Corporation at its Jacksonville office. Such service would afford Groff the same protection it secured by attachment through the Georgia Court.
The Chancellor further found Driggers to be without means of requiring unwilling but essential witnesses, who are residents of Duval County, to appear and testify before the Georgia Court; none of these witnesses being subject to compulsory process issued by that State's court. Also, it would be unreasonably inconvenient, expensive and oppressive to require Driggers to transport his witnesses from Jacksonville to Atlanta in order that they could testify in his behalf in the suit pending there. It was the Chancellor's conclusion that it would be inequitable, unfair, unjust and unconscionable to permit Groff to continue the prosecution of its Georgia suit; and that a continuation thereof would result in undue vexation and harassment of Driggers.
Upon concluding the hearing, and after making known his intention to grant the *60 relief sought, the Chancellor announced that he would delay the issuance of his injunction order for two days for the expressed purpose of permitting Groff to institute a garnishment proceeding against Driggers and Motors Insurance Corporation in Duval County, thereby protecting the insurance funds until the disputed claim could be resolved by the Florida courts. At the appointed time the Chancellor issued his order enjoining Groff from continuing its Georgia suit and ordering the same dismissed forthwith. This appeal ensued.
Groff contends the Chancellor erred in issuing a mandatory injunction before issue was joined on appropriate pleadings yet to be filed, the effect of which was to deny the court of a sovereign sister state the right to entertain and conclude a suit lawfully commenced therein. It is further contended that the injunction bond, in the sum of $1,000, which the Chancellor ordered Driggers to furnish, is grossly inadequate when the amount claimed by the Georgia suit is approximately $2,600, and the amount actually attached in that suit exceeds $1,200.
The Chancellor made no finding that the Georgia suit was unlawfully commenced; but merely found that it would be unconscionable to permit its continuance, which would serve to unduly vex and harass Driggers.
The power of a court of equity of one state to restrain its own citizens from prosecuting actions in a sister state, when such actions serve to vex, harass, or oppress an opponent, is too well established to admit of controversy.[1] The granting of injunctive relief rests largely in the sound discretion of the Chancellor.[2] While mandatory injunctions are generally looked upon with disfavor and seldom granted, because of the drastic finality with which they operate, such relief is entirely appropriate in those cases in which the right is clear and free from reasonable doubt.[3] If irreparable harm will result to the movant from a denial of the relief sought, and he is without an adequate remedy at law, relief by injunction is proper.[4] The Chancellor found from the facts before him that such a situation was present in this case, and, from our review of the record, we cannot say the granting of injunctive relief in this instance constituted an abuse of discretion.[5]
As to the appellant's contention, concerning the inadequacy of the injunction bond required of Driggers, we are of the opinion that Groff had the right to be protected by a bond sufficient in amount to afford security for the payment of its claim, should it prevail in a Florida action, equal to that relinquished.[6]
Accordingly, that portion of the decree appealed from, requiring Driggers to furnish bond in the amount of $1,000, is hereby reversed and the cause herewith remanded with directions to fix the amount of the injunction bond at $2,000. In all other respects the decree is affirmed.
STURGIS, C.J., and FABISINSKI, L.L., A.J., concur.

*61 On Rehearing
Appellant has filed a Petition for Rehearing seeking clarification of the Court's opinion rendered herein. By its petition appellant asks directions as to how and in what manner the proceedings now pending in the Circuit Court should be carried to a conclusion; how the injunction bond mentioned in the Court's opinion should be conditioned; and how and by whom the costs of appeal should be taxed.
This Court is not authorized to direct the lower court as to how pending proceedings should be handled by it except insofar as such proceedings may be affected by errors assigned on appeal and disposed of by our opinion. We are not justified in anticipating that the lower court will not follow applicable statutes and rules of procedure relating to the final disposition of this cause. No basis for such apprehension has been made to appear in the record now before us.
Costs on appeal are to be taxed as provided by Rule 3.16(a) (b), FRP, 31 F.S.A., which rule is self-explanatory.
The complaint filed in the trial court alleges, among other things, that a controversy exists between plaintiff and defendant with respect to the bona fides of a debt which defendant claims is owed to it by plaintiff, but which plaintiff denies. One of the prayers of the complaint is that the court will enter a decree declaring the rights and liabilities of the parties as pertains to the debt allegedly owed by plaintiff to defendant. No answer to this complaint has been filed, and no issues have yet been formed upon which a trial could be had. If in the final determination of this controversy, whether in this cause or in a separate action, defendant is awarded a judgment against the plaintiff, which judgment it is unable by normal means to collect, then whether defendant's inability to collect its judgment constitutes damage suffered by it within the terms of the injunction bond filed by plaintiff is a question on which the court may be called upon to pass at the proper time. The injunction bond required of plaintiff by the court in its injunction decree is conditioned to pay all damages which defendant may have sustained or have been put to by reason of the issuing of the injunction if the complaint on which it is granted be dismissed. If in a determination of this phase of the case, as and when it is presented to the trial court, either party feels aggrieved by the ruling, then appropriate remedy by appeal to this court is available.
For the foregoing reasons the petition for rehearing is denied.
STURGIS, C.J., and FABISINSKI, L.L., Associate Judge, concur.
NOTES
[1] 28 Am.Jur. 389, Injunction Sec. 204.
[2] Wells v. Cochrane, 137 Fla. 241, 188 So. 87; State Road Department v. Newhall Drainage District, Fla. 1951, 54 So.2d 48.
[3] Kellerman v. Chase & Co., 101 Fla. 785, 135 So. 127; Trust Co. of Fla. v. Crider, 102 Fla. 593, 136 So. 434; Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541.
[4] Johnson v. Killian, 157 Fla. 754, 27 So.2d 345; Davis v. Wilson, 139 Fla. 698, 190 So. 716.
[5] See: Pensacola & G.R. Co. v. Spratt, 12 Fla. 26, 91 Am.Dec. 747; McKinne v. Dickenson, 24 Fla. 366, 5 So. 34.
[6] Swepson v. Call, 13 Fla. 337.