STATE of North Dakota, ex rel. Harold SCHAFER, Relator and Respondent,

v.

W. S. GUSSNER, E. S. Killie, K. L. Zenner, L. T. Havig, J. E. Slatta, R. C. Arveson, K. L. Rue, M. F. Peterson, and Earl Abrahamson, constituting the Board of Directors and Executive Secretary of the North Dakota High School Activities Association, and T. E. Simle, W. S. Gussner and Hamilton G. Vasey, Superintendents of the Bismarck, Jamestown and Fargo Schools respectively, Respondents and Appellants.

No. 7945.

Supreme Court of North Dakota.

April 17, 1962.

Sproul, Fitzner & Greffenius, Valley City, and Hjellum, Weiss, Nerison & Ottmar, Jamestown, for appellants.

Jansonius, Fleck, Smith, Mather & Strutz, Bismark, for respondent.

BURKE, Judge.

In the spring of 1957, the Board of Directors of the North Dakota High School Activities Association declared certain high school boys ineligible to participate in high school athletics for the balance of the school year of 1957, because of their participation in a DeMolay Basketball Tournament in April 1957. On May 27, 1957, the relator instituted this proceeding upon a petition and supporting affidavit and, ex parte, secured from the District Court of Burleigh County a temporary order, restraining the Board and the other named defendants from enforcing their ruling, and an order requiring the defendants to show cause why the temporary restraining order should not be made permanent. The order to show cause was returnable on June 18, 1957, but the hearing thereon was not held until June 25, 1957. At that time the school year had been completed, all the spring athletic meets had been held and the boys whose eligibility had been challenged had participated in those meets. The trial court, nevertheless, ordered judgment that a peremptory writ of prohibition issue and the respondent appealed from that judgment. The appeal was heard by this court and decided by an opinion filed September 17, 1958. State ex rel. Schafer v. Gussner et al. (N.D.) 92 N.W.2d 65.

Because the only issue in the proceeding concerned the right of the boys, who had been declared ineligible, to participate in the athletic meets which were held in the spring of 1957, and because the boys had participated in those meets prior to the time of the hearing upon relator's petition, we held that the proceeding had become moot and was moot at the time of the hearing in the district court.

We also pointed out that "The judicial power vested in the courts of North Dakota, extends only to the determination of actual controversies properly before the court, and does not authorize a court to act in an advisory capacity and to give its opinion on moot questions or abstract propositions." State ex rel. Schafer v. Gussner, supra, p. 66.

Although we did not say so in the opinion, it would follow, from what we did say, that the judgment given by the district court in this case was in excess of that court's jurisdiction. However, we dismissed the appeal and remanded the case to the district court without instructions.

No further action was taken in this proceeding until April 1, 1959, when the defendants moved to vacate the judgment entered therein. The motion was heard and the trial judge issued a memorandum opinion on May 22, 1959. The last sentence in the memorandum opinion is: "The motion is overruled." Some seventeen months later, on October 11, 1960, the defendants served on the relator, a notice of intention to enter an order in accord with the trial judge's memorandum opinion. The relator objected on the ground that the memorandum, itself, constituted an order and that the time for appeal from that order had expired. A formal order denying the motion was entered on December 14, 1960, and this appeal is from that order.

The only question here is whether the order of the district court denying the motion to vacate the judgment was erroneous.

Ordinarily, where the district court had jurisdiction to enter the judgment from which an appeal has been taken, and the appellate procedure has been sufficient to confer jurisdiction of the appeal upon the appellate court, a dismissal of the appeal will amount to an affirmance of the judgment. Stimson v. Stimson, 30 N.D. 78, 152 N.W. 132.

In a case, however, where the appellate procedure has been insufficient to confer jurisdiction of the appeal upon the appellate court, a dismissal upon that ground is merely a recognition that the judgment below is not before the appellate court and that it has no power to speak with respect to it. Such a dismissal does not amount to an affirmance and prevent further proceedings for review if the time within which to institute such proceedings has not expired. Semo v. Goudreau, 147 Me. 17, 83 A.2d 209; Howard v. Howard, 87 Cal.App. 20, 261 P. 714; Sparks v. D. M. Dew & Sons, Inc., 230 S.C. 507, 96 S.E.2d 488. Likewise a dismissal of an appeal upon the ground that neither the court of original jurisdiction nor the appellate court had jurisdiction of the subject matter of the litigation cannot be said to affirm the judgment below. Such a dismissal is based upon a finding that the claimed issues in the case were not justiciable in either court. It would be most unreasonable to say that a finding that the claimed issues were not justiciable had the effect of deciding those issues in favor of, or against, either party to the case. Frenkel v. State ex rel. Johnson, 89 Fla. 74, 104 So. 857.

In the former appeal in this case we decided that the issues raised by the pleadings had become moot before the hearing and decision in the district court. These issues had ceased to be justiciable at the time they were submitted to the district court and the court's decision thereon was therefore purely advisory and without legal effect. The judgment entered pursuant to this decision was a nullity and it was error for the district court to deny the motion to vacate it. The order of the district court is therefore reversed.

SATHRE, C. J., MARK H. AMUNDSON, D. J., and TEIGEN and MORRIS, JJ., concur.

STRUTZ, J., deeming himself disqualified did not participate; Honorable MARK H. AMUNDSON, one of the Judges of the Sixth Judicial District, sitting in his stead.