PEARSON, Chief Judge.
The appellant, defendant in the trial court, brings this interlocutory appeal from an injunction which restrained it from prosecuting any action in the Supreme Court of the Commonwealth of the Bahama Islands for the purpose of staying or affecting the arbitration proceeding which was the subject of an action pending in the Circuit Court for Dade County, Florida.
The appellant and the appellee are Bahamian corporations. They are engaged in a dispute over the amount of money due the appellee for the construction of a golf course upon appellant’s property in the Bahama Islands under a contract entered into in Miami, Florida. The contract called for the application of the law of the Commonwealth of the Bahama Islands to the contract, but it also called for the *418 arbitration of differences under the rules of the American Arbitration Association. Differences arose. An arbitration was held in Miami and an action was brought by the appellee in the circuit court to confirm an arbitration award in its favor. During the pendency of that action it was made to appear to the circuit court that the appellant had begun a separate action in the Supreme Court of the Commonwealth of the Bahama Islands for leave to apply to set aside the arbitration award. The injunction was entered upon the ground that the proceedings in the Bahama Islands amounted to a relitigation of the issues submitted to the circuit court.
The power to grant injunctive relief against the prosecution of actions in a foreign state is rarely exercised at the instance of those who are not residents of the state where the relief is sought. See cases cited at 42 Am.Jur.2d, Injunctions § 218. We think this principle is especially applicable to instances where both parties are non-residents of this jurisdiction and are both residents of the same foreign country.
The power to restrain parties from litigating in another jurisdiction may be exercised properly where irreparable harm will result to the movant from a denial of the relief sought. Groff G.M.C. Trucks v. Driggers, Fla.App.1958, 101 So.2d 58, 60. In the present case the record presented upon this appeal is entirely devoid of a showing of irreparable injury to the ap-pellee.
We think this case is properly governed by the principle of comity. The presence of the parties confers on the circuit court jurisdiction to act. But the circuit court’s injunction directly affects the jurisdiction of a foreign sovereign over its own corporations and over a cause of action arising in the sovereign’s own territory. The injunction affects the parties’ access to the courts of their own country. It should not have been issued since it is not absolutely necessary to protect any interest of this state. Cf. Canadian Filters (Harwich) Limited v. Lear-Siegler, Inc., 412 F.2d 577 (1st Cir. 1969). Therefore the order appealed from is reversed.
Reversed.