SCHWARTZ, ALAN R., Associate Judge.
In this case, the Broward County Board of Public Instruction seeks the issuance of a Writ of Prohibition against the Broward County Circuit Court, Family Division, apparently to preclude the enforcement of an order of that court which required the School Board to provide Q. J., a dependent child, with a special educational program which had not then been available through the Board. Although we have issued the rule nisi and heard argument on the merits, we now dismiss the suggestion and discharge the rule, on the ground that the issues involved are moot.
The case began in the Broward County Circuit Court when a “visiting teacher” (truant officer) for the School Board filed a petition, pursuant to F.S. § 232.16, in the Family Court Division asserting that Q. J. was a child in need of supervision inasmuch as he had failed to attend school in violation of F.S. § 232.01. At the hearing on the petition, the trial court determined that the child had been exempted from school and in fact was not permitted to attend public school in Bro-ward County; it also determined that Q. J. was capable of learning but was in need of a special educational program not then available through the School Board. It then entered — without notice to the Board that the issue was to be determined — what was apparently a post-final judgment order directing the Board to provide the child with “an [appropriate] educational opportunity . . .” and to furnish to the court a “description of the said program.” The Board then filed this proceeding directly in this court, seeking a Writ of Prohibition precluding the enforcement of this order on the grounds that it had been entered both in excess of the court’s jurisdiction, and without an appropriate or constitutionally fair opportunity granted for the Board, whose rights were involved, to be heard. Subsequent to the issuance of the rule by this court, it appears that the lower court dissolved the provisions of the post-final judgment order which are now being attacked on the merits, on the ground that the child in question had been placed in the legal custody of the Division of Family Services, under such circumstances that he would in fact be provided with the educational opportunity of which the child is in need. Hence, the order in question here is no *163 longer operative. It is for that reason that the suggestion will be dismissed.
It seems to us that the present status of the case presents an obvious application of the rule that appellate courts will generally decline to decide merely abstract or moot questions. E. G., St. Petersburg v. Clark, 127 Fla. 232, 166 So. 563; Scarborough v. Schwab, 148 Fla. 450, 4 So.2d 518; Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175; 2 Fla.Jur., Appeals, §§ 291-292, pp. 635-638. We have considered the application of the so-called exception to that rule, under which otherwise moot questions will be decided if they involve matters of great public interest and importance. E. G., Erwin v. Capital Weekly Post, Inc., Fla.1957, 97 So.2d 464. We think that the exception is not applicable here. It is at least arguable that the merits of the issues posed by the School Board — that is, the jurisdiction of the lower court, and the propriety of the lack of notice given to the School Board prior to the order, may be of considerable interest; however, there seems to be no real question here, and the Third District has — correctly we think — so indicated in State ex rel Department of Health and Rehabilitative Services v. Sepe, Fla.App.1974, 291 So.2d 108, that the order in question was in fact erroneous on its merits both because proper notice was not involved and because the order involves an improper invasion of the function of the executive branch by the Courts.
The only issue really argued before us concerned the propriety of the procedure, that is, this prohibition action, employed by the School Board in an attempt to secure a review of that order. The Board, supported by the Third District in the Sepe case says that prohibition does lie under these circumstances; the respondents, supported by such cases as Jennings v. Frederick, 137 Fla. 773, 189 So. 1; and Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421, see State ex rel Wainwright v. Booth, Fla.App.1974, 291 So.2d 74, contend that it does not and that an appeal or interlocutory appeal would have been required. There is also a question, even assuming the invalidity of the Board’s position, as to whether the suggestion may be treated as a petition for writ of certiorari, as in the Booth case, in the light of the fact that the Board — ■ through its visiting teacher — at least initiated the proceeding and thus, may have been a “party” which could not bring cer-tiorari since, as a party, appeal or interlocutory appeal was available. These arcane questions — really the only ones before us —may be, but probably are not, interesting to a student of the vagaries of Florida appellate practice. By no means can they be considered to be issues of great public importance which would require our decision despite the mootness of the issues as they affect the parties before us.
Suggestion and rule nisi dismissed as moot.
CROSS and DOWNEY, JJ., concur.