COWART, Judge.
Appellant, Jeep Corporation and American Motors Corporation (AMC), obtained an injunction in Ohio enjoining an ex-employee (Huffstutler) from assisting, consulting with or testifying for, persons making claims against or litigating with AMC involving Jeep C-J vehicles. Sanders, appel-lees-plaintiffs, sued AMC in Florida involving a Jeep C-J vehicle, and gave notice that Huffstutler would testify for the plaintiffs. AMC asserted the Ohio injunction, and the trial judge in the Florida case entered an order directing AMC to allow Huffstutler to testify in the Florida case and further enjoining AMC from seeking sanctions in the Ohio court as a result of Huffstutler’s violation of the Ohio injunction. AMC appeals. We reverse.
Under principles of comity and equitable principles relating to the issuance of injunctions, we reverse the trial court order enjoining AMC from enforcing the injunction it obtained against Huffstutler in Ohio and the order directing AMC to allow Huffstutler to testify in Florida in violation of the Ohio injunction.[1] Where not inconsistent with public policy interests of the State of Florida, the judicial acts of courts in other states, properly exercising their jurisdiction, should be respected under the comity doctrine. Further, injunctions should not issue except in cases of irreparable harm. Sanders, the plaintiff in Florida, can secure other expert testimony and will not be irreparably harmed by not being able to use Huffstutler as an expert in violation of the Ohio injunction, unless Huffstutler is a unique expert witness because of his prior relationship to AMC which was the very reason for the Ohio injunction.
The trial court order directing AMC to allow Huffstutler to testify in Florida and enjoining AMC from seeking sanctions in Ohio against Huffstutler for violation of the Ohio injunction is
REVERSED.
ORFINGER and GOSHORN, JJ., concur.

. See, e.g., Roberts Realty of Bahamas, Ltd. v. Miller & Solomon (Bahamas), Ltd., 234 So.2d 417, (Fla. 3d DCA 1970); Groff GMC Trucks v. Driggers, 101 So.2d 58 (Fla. 1st DCA 1958); 43A C.J.S. Injunctions, § 59 p. 48-49 (1978).