655 So.2d 1146 (1995)
NEC ELECTRONICS, INC. and Thomas Ryan, Appellants,
v.
VG SALES CO., Appellee.
No. 94-1947.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
Rehearing and Certification Denied June 28, 1995.
*1147 Fred W. Mattlin, George L. Sigalos and Michael J. Ioannou of Mattlin & McClosky, Boca Raton, for appellants.
Nancy W. Gregoire, Terrence Russell and Mitchell E. Cook of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A. Fort Lauderdale, for appellee.
STONE, Judge.
We affirm an order granting VG Sales Co.'s motion to stay arbitration proceedings in California and denying a stay of Florida proceedings by VG Sales Co. against NEC Electronics, Inc. and Thomas Ryan.
Initially, Kathleen Tight sued VG Sales for, among other things, commissions claimed. VG Sales then filed a counterclaim against Tight, NEC, Ryan, and others. Subsequently, NEC and Ryan sought an order compelling arbitration in California and filed a motion to stay the pending Florida lawsuit.
The controversy involves an agreement under which VG Sales acts as a sales representative for NEC. VG Sales terminated Tight's employment with it, claiming that Tight began improperly to solicit business while still an officer and shareholder of VG Sales, and that she conspired with NEC, Ryan, and other counter-defendants. VG Sales also contends that NEC breached the agreement.
In response, NEC and Ryan seek to invoke an arbitration provision in the VG Sales Co. agreement. The contract contains a choice of law provision which requires that any arbitration be held in California, and, to the extent NEC and VG Sales cannot agree to arbitration rules, that the California Arbitration Code apply.
*1148 The trial court recognized that it is the only forum having jurisdiction over all the parties, that the cause of action accrued in Florida, and that most, if not all, of the witnesses reside in Florida.
The trial court reached its decision by applying California law. However, the trial court concluded that although it was obliged to apply California law, including California's Arbitration Code, it was not required to wait for resolution by the California court. The Florida lawsuit had been filed first. The trial court also determined that under California law it had discretion to refuse to enforce the arbitration agreement because of the possibility of conflicting rulings on common issues of law and fact with other justiciable claims which are not subject to being arbitrated and that are pending in this action.
Section 1281.2 of the California Arbitration Code provides, in part, that upon petition by a party, a court shall order arbitration unless it determines that a party to the arbitration agreement is also a party to a pending action with a third party arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on common issues of law or fact. In such a case the court has discretion to refuse to order arbitration and may resolve all issues in a single action.
The trial court noted that there are a number of common issues of law and fact raised in this case, including claims of conspiracy, breach of fiduciary duties, and tortious interference. The court hypothesized that the Florida court might determine that any or all of the third parties did commit the alleged acts, while the California arbitrator might rule that NEC did not, or vice versa. It expressed the view that this is precisely the kind of situation that the above described section of the California Arbitration Code was intended to address. The court also noted two California cases in which the section was applied in a similar manner: Henry v. Alcove, Inc., 233 Cal. App.3d 94, 284 Cal. Rptr. 255 (1991); C.V. Starr Co. v. Boston Reinsurance Corp., 190 Cal. App.3d 1637, 236 Cal. Rptr. 167 (1987).
We also concur in the trial court's conclusion that the Federal Arbitration Act (FAA) is not a bar to its proceeding to adjudicate all issues. See 9 U.S.C.A. §§ 2, 3. We recognize that generally, federal policy favors arbitration even when there are additional issues and parties not subject to the arbitration agreement. See, e.g., Steinberg/W.F.I. Foods, Inc. v. D.C.M. and Assocs., W.F.I., 522 So.2d 512 (Fla. 4th DCA 1988). However, in Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), the Supreme Court found that applying the same California Civil Procedure Code section applicable here to stay arbitration in that case, in accordance with the terms of the arbitration agreement, did not undermine FAA policy. Therefore, there was no applicable federal preemption. 489 U.S. at 477-78, 109 S.Ct. at 1254-55. In Volt, the Supreme Court approved the court of appeal's conclusion that the choice of law provision contained in the parties' arbitration agreement meant that they intended that the California rules of arbitration, which includes the section 1281.2(c) stay provision, apply. Id. at 486, 109 S.Ct. at 1259 (Brennan, J., dissenting).
We conclude, applying Volt, that the federal policy in favor of arbitration is not offended where the arbitration agreement calls for the application of the arbitration rules of a particular state that do not favor piecemeal resolution. Here, the arbitration agreement calls for applying California procedure if the parties are unable to agree. The record demonstrates that the parties are unable to agree on the rules that would govern their dispute.
Additionally, we note that this result is compatible with the proposition that a court with prior jurisdiction may enjoin a party's pursuit of competing actions in other forums where there is the possibility of exposing parties to inconsistent findings of law or fact. Avoidance of a multiplicity of suits is also a valid ground for issuing a stay. See Gainesville Gas & Elec. Power Co. v. City of Gainesville, 63 Fla. 425, 58 So. 785 (1912); Realty Bond & Share Co. v. Englar, 104 Fla. *1149 329, 143 So. 152 (1932). See also Drummond Title Co. v. Weinroth, 77 So.2d 606, 610 (Fla. 1955); Groff G.M.C. Trucks, Inc. v. Driggers, 101 So.2d 58 (Fla. 1st DCA 1958).
We also find no error in the trial court's decision that Ryan, NEC's regional sales manager charged with conspiring with Tight, has no right to arbitrate the claims against him because these were specifically brought against him in his individual capacity, and not as an agent of NEC. Under section 1281.2 of the California Civil Procedure Code, only a party to an arbitration agreement may compel arbitration. VG Sales' conspiracy claim against Ryan individually is not a controversy involving NEC, and therefore is not covered by the NEC-VG Sales arbitration agreement.
As to all other issues raised, we also affirm.
HERSEY and FARMER, JJ., concur.