PER CURIAM.
We affirm the order enjoining appellant from pursuing those counts of his later filed complaint in West Virginia. The appellee had filed a supplemental complaint and motion for contempt of the parties’ divorce decree, regarding the non-payment of a portion of disability payments allegedly due appellee. The appellant answered and then filed an action against appellee in West Virginia including counts relating to the disability payments.
Upon the appellee’s motion, the court enjoined appellant from prosecuting the West Virginia action on the disability payments. We find no error. REWJB Gas Invs. v. Land O’Sun Realty, Ltd., 645 So.2d 1055 (Fla. 4th DCA 1994); NEC Elecs., Inc. v. VG Sales Co., 655 So.2d 1146, 1148 (Fla. 4th DCA 1995); Groff G.M.C. Trucks, Inc. v. Driggers, 101 So.2d 58 (Fla. 1st DCA 1958).
We do, however, remand for the consideration of a bond. Florida Rule of Civil Procedure 1.610(b) states: No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. See also Groff G.M.C., 101 So.2d at 60.
We do not decide the issue of subject matter jurisdiction raised by appellant because it cannot be determined completely from this record and is subject to further factual development.
WARNER, PARIENTE and SHAHOOD, JJ., concur.